RECEIVED 3-24-03

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FLUOR ENTERPRISES, INC. f/k/a FLUOR DANIEL, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-207C (Judge Bush) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

Pursuant to Rule 26 of the Rules of the United States Court of Federal Claims (RCFC), and plaintiff's letter dated December 20, 2002, defendant provides defendant's supplemental responses to defendant's responses to plaintiff's first set of requests for admissions. Defendant has made a good faith effort to respond fully to plaintiff's for supplemental responses. However, discovery is continuing and defendant reserves the right to supplement its supplemental responses, including any objections that may be applicable, based upon any additional information that may be discovered subsequent to these responses. Defendant responds to plaintiff's request for supplemental responses to plaintiff's first requests for admission as follows:

REQUEST FOR ADMISSION NO. 1:

In this request for admission, plaintiff requested that defendant admit or deny that prior to the Government's execution of Letter Contract No. 50WCNA606099, the Government did not determine, either separately or as part of any other estimate, the estimated cost of construction applicable to the NWSWFO Design and Construction Program.

RESPONSE:

In our response to plaintiff's request for admission no. 1, defendant objected upon the ground that the reference to "the estimated cost of construction applicable to the NWSWFO Design and Construction Program" is vague and ambiguous. Nonetheless, without waiving this objection, defendant admits that defendant did not develop the estimated cost of construction of individual Weather Forecast Offices (WFOs) prior to execution of either the letter or definitized contracts. Defendant further avers that the statement of work for both the letter contract and definitized contract provided that plaintiff would provide comprehensive program support, engineering and architectural design services, as well as construction management and inspection services in support of the National Weather Service's (NWS) modernization program, which included the construction of over 100 separate Weather Forecast Offices (WFO). Pursuant to the contract, plaintiff

was to provide NWS the estimated cost of construction of each WFO.

In plaintiff's December 20, 2002 letter, plaintiff asks defendant to "confirm that Defendant's statement that the government did not make an estimated cost of construction of individual WFOs, meant that the government did not make any estimated cost of construction for WFOs either individually or in the aggregate (or some part thereof) prior to the execution of the government's letter contract."

Defendant provided an adequate and complete response to request for admissions no. 1. However, without waiving any objection defendant may have to request for admission no. 1 or plaintiff's supplemental request, to the best of defendant's information and belief, defendant has no record of an estimated cost of construction for all planned WFOs in the aggregate prior to execution of the letter contract.

REQUEST FOR ADMISSION NO. 2:

In plaintiff's request for admission no. 2, plaintiff requested defendant to admit or deny that prior to the government's execution of definitized contract no. 50WCNA606099, the government did not determine, either separately or as part of any other estimate, the estimated cost of construction applicable to the NWSWFO Design and Construction Program.

RESPONSE:

In our response to this request for admission, we advised plaintiff to see our response to request No. 1. In plaintiff's December 20, 2002 letter, plaintiff requested that to "the extent that Defendant's revised response to request No. 1 does not accurately respond to No. 2. . ., please provide revised responses. . . ."

Without waiving any objection defendant may have to plaintiff's request for admission no. 2, or plaintiff's supplemental request, defendant's response to plaintiff's request for admission no. 2 accurately responded to that request. However, see defendant's supplemental response to request for admission no. 1, which accurately responds to plaintiff's supplemental request concerning request for admission no. 2.

REQUEST FOR ADMISSION NO. 3:

Neither Letter Contract No. 50WCNA606099 nor definitized Contract No. 50WCNA606099 expressly includes or incorporates by reference the 6 percent limitation set forth in 41 U.S.C. § 254(b) and the implementing regulations.

RESPONSE:

Defendant objects to this request for admission upon the grounds that contracts speak for themselves and are the best evidence of their contents. Without waiving this objection, pursuant to 41 U.S.C. § 254(b), the limitation of design fees to 6 percent of the estimated cost of construction is statutorily mandated and cannot be waived.

REQUEST FOR ADMISSION NO. 4:

In plaintiff's request for admission no. 4, plaintiff asked defendant to admit or deny that at "no point prior to the government's execution of Letter Contract No. 50WCNA606099 did the government communicate to Plaintiff an estimated cost of construction applicable to the NWSWFO Design and Construction Program.

RESPONSE:

In our response to this request for admission, defendant advised plaintiff to see defendant's response to request no. 1. In plaintiff's December 20, 2002 letter, plaintiff requested that to "the extent that Defendant's revised response to request No. 1 does not accurately respond to No. 4. . ., please provide revised responses. . . ." Plaintiff's December 20, 2002 letter also requested that defendant "confirm that Defendant's response, 'See defendant's response to request No.1,' meant that prior to the execution of the letter contract the government did not communicate an estimated cost of construction, whether the estimate was created by the government or communicated to the government by a third party."

Without waiving any objection defendant may have to plaintiff's request for admission no. 4, or plaintiff's

supplemental request, defendant's response to plaintiff's request for admission no. 4 accurately responded to that request. However, see defendant's supplemental response to request for admission no. 1, which accurately responds to plaintiff's supplemental requests concerning request for admission no. 4.

Moreover, the estimated cost of construction "applicable to the NWSFO Design and Construction Program" is irrelevant because the statutory limitation applied only to the WFO portion of the NWS modernization program. Nonetheless, defendant has no record of communicating an estimated cost of construction of Weather Forecast Offices to plaintiff.

REQUEST FOR ADMISSION NO. 5:

In request for admission no. 5, plaintiff requested defendant to admit or deny that at "no point prior to the government's execution of definitized Contract No. 50WCNA606099 did the government communicate to Plaintiff an estimated cost of construction applicable to the NWSWFO Design and Construction Program."

RESPONSE:

In our response to this request for admission, defendant advised plaintiff to see defendant's response to request no. 1. In plaintiff's December 20, 2002 letter, plaintiff requested that to "the extent that Defendant's revised response to request No. 1 does not accurately respond to No. 5. . ., please provide revised responses. . . ." Plaintiff's December 20, 2002 letter also requested that defendant "confirm that Defendant's response, 'See defendant's response to request No.1,' meant that prior to the execution of the definitized contract the government did not communicate an estimated cost of construction, whether the estimate was created by the government or communicated to the government by a third party."

Without waiving any objection defendant may have to plaintiff's request for admission no. 5, or plaintiff's

supplemental request, defendant's response to plaintiff's request for admission no. 5 accurately responded to that request. However, see defendant's supplemental response to request for admission no. 1, which accurately responds to plaintiff's supplemental requests concerning request for admission no. 5.

REQUEST FOR ADMISSION NO. 15:

In plaintiff's request for admission no. 15, plaintiff requested defendant to admit or deny that the "contract required Plaintiff to engage in design efforts within government guidelines including a building design for a base-line new WFO and existing engineering information from government files for existing offices requiring expansion or modification."

RESPONSE:

In our response to this request for admission, defendant objected to this request for admission upon the grounds that the contract speaks for itself and is the best evidence of its contents. Nonetheless, defendant, further responded, without waiving this objection, that defendant could neither admit nor deny this request for admission because defendant did not understand what plaintiff was alleging that the contract required and, if plaintiff clarified this request, defendant, subject to objection, would attempt to provide an answer.

In plaintiff's December 20, 2002 letter, plaintiff clarified its request for admission no. 15 by stating that plaintiff was requesting defendant to admit or deny that "when Fluor created the designs, plans, drawings for WFOs required under the Statement of Work, Fluor was required to base its

designs, plans and drawings on already existing designs, plans or drawings that had been provided to Fluor by the Government."

Defendant objects to the request as now clarified upon the ground that it requests information beyond the scope of the discovery limitations set forth in the parties' October 13, 2000 Joint Preliminary Status Report, which limited discovery to (1) whether the six percent limitation is applicable to the contract that is the subject this dispute; and (2) if the six percent limitation is applicable, what is the appropriate "estimated cost of construction" to use as the denominator when calculating whether the amounts paid to the contractor exceed the statutory limitation. Further, defendant also objects to this request for admission upon the ground that by asking defendant what the contract required calls for a legal conclusion. For these reasons, defendant will not supplement its previous response to request for admission no. 15.

REQUEST FOR ADMISSION NO. 17:

In plaintiff's request for admission no. 17, plaintiff requested defendant to admit or deny that neither the "Letter Contract No. 50WCNA606099 nor definitized Contract No. 50WCNA606099 contains an estimate of construction costs."

RESPONSE:

In our response to this request for admission, we advised plaintiff to see our response to request No. 1. In plaintiff's December 20, 2002 letter, plaintiff requested that to "the extent that Defendant's revised response to request No. 1 does not accurately respond to No. 17. . ., please provide revised responses. . . ."

Without waiving any objection defendant may have to plaintiff's request for admission no. 17, or plaintiff's supplemental request, defendant's original response to plaintiff's request for admission no. 17 accurately responded to that request. However, see defendant's supplemental response to request for admission no. 1, which accurately responds to plaintiff's supplemental request concerning request for admission no. 17.

REQUEST FOR ADMISSION NO. 18:

In plaintiff's request for admission no. 18, plaintiff requested that defendant admit or deny that at "all times during performance of the contract prior to the Office of Inspector General audit reported in Audit Report No. DEN-4613-30001, the only estimates of construction costs available were those prepared by Plaintiff."

RESPONSE:

In our response, defendant objected to this request for admission upon the ground that the term "only" is overly broad. However, without waiving this objection, defendant admitted that plaintiff prepared estimates of construction costs.

In plaintiff's December 20, 2002 letter, plaintiff requested defendant to admit or deny request for admission no. 18 that was reworded as follows: "At all times during performance of the contract prior to the Office of Inspector General audit reported in Audit Report No. DEN-4613-30001, there was no estimate of construction costs (whether created by Defendant or provided to Defendant by a third party other than Plaintiff) for the WFOs other than the estimate prepared by Plaintiff." Without waiving any objection defendant may have to this request for admission, defendant admits request for admission no. 18, as reworded.

REQUEST FOR ADMISSION NO. 19:

In plaintiff's request for admission no. 19, plaintiff requested defendant to admit or deny that at the "time of entering into Letter Contract No. 50WCNA606099, defendant was unable to determine the estimated cost of construction applicable to the NWSWFO Design and Construction Program.

RESPONSE:

In our response to this request for admission, we advised plaintiff to see our response to request No. 1. In plaintiff's December 20, 2002 letter, plaintiff requested that to "the extent that Defendant's revised response to request No. 1 does not accurately respond to No. 19. . ., please provide revised responses. . . ."

Without waiving any objection defendant may have to plaintiff's request for admission no. 19, or plaintiff's supplemental request, defendant's original response to plaintiff's request for admission no. 19 accurately responded to that request. However, see defendant's supplemental response to request for admission no. 1, which accurately responds to plaintiff's supplemental request concerning request for admission no. 19.

Moreover, the estimated cost of construction "applicable to the NWSFO Design and Construction Program" is irrelevant

because the statutory limitation applied only to the WFO portion of the NWS modernization program. Nonetheless, defendant has no record of communicating an estimated cost of construction of Weather Forecast Offices to plaintiff.

ROBERT D. MCCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

DONALD E. KINNER
Assistant Director

STEVEN J. ABELSON
Attorney
Commercial Litigation Branch
Department of Justice
Civil Division
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 514-4325

Attorneys for Defendant

OF COUNSEL:

FRED KOPATICH
Attorney
Department of Commerce
14th & Constitution Ave., N.W.
Room 5893
Washington, D.C. 20230

March 24, 2002

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 24th day of March 2003, I caused to be delivered by hand copies of "DEFENDANT'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS" addressed as follows:

FRANK M. RAPPORT, ESQ.
MCKENNA & CUNEO, L.L.P.
1900 K Street
Washington, D.C. 20006

Dana Chase