RECEIVED 2-19-03

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FLUOR ENTERPRISES, INC. f/k/a FLUOR DANIEL, INC. | ) | |
| Plaintiff, | ) | No. 00-207C |
| v. | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims (RCFC), defendant has made a good faith effort to respond fully to plaintiff's first set of interrogatories to defendant. However, discovery is continuing, and defendant reserves the right to supplement its responses, in accordance with RCFC 26, including any objections that may be applicable, based upon any additional information that may be discovered subsequent to this response.

GENERAL OBJECTION

Defendant objects to plaintiff's first set of interrogatories insofar as any interrogatory or request requires defendant to provide plaintiff with information or documents wherein the advice of Government attorneys is given or requested; such information is protected by the attorney-

client privilege. Defendant further objects to any interrogatory or request for the production of documents that requires defendant to provide plaintiff with information or documentation that was obtained or created in anticipation of litigation or for trial, upon the ground that any such documents are protected by the attorney work-product privilege.

Without waiving this objection, defendant responds to plaintiff's first set of interrogatories as follows:

DEFENDANT'S RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

Does Defendant contend that the six percent statutory limitation on architectural and engineering services set out at 41 U.S.C. § 254(b) applies to the contract? If so, provide all legal and factual bases for such a contention including those Defendant asserts support its position that the contract was the type of architectural and engineering services contract to which the statute applies.

RESPONSE:

Defendant objects to this interrogatory upon the grounds that it calls for a legal conclusion. Without waiving this objection, or any other objection defendant may have to this interrogatory, defendant contends that the six percent statutory limitation at 41 U.S.C. § 254(b) applies to the contract. The plain language of the statute provides that the limitation on design fees applies to contracts for architectural or engineering services relating to any public works. The contract's statement of work provided that plaintiff was to provide the full range of professional services required for design and construction of Weather Forecast Offices (Section 2.2), which included plaintiff

providing site specific architecture and engineering for each Weather Forecast Office ("WFO") (Section 2.3). Indeed, in plaintiff's June 21, 1993 response to OIG's Final Audit Report No. DEN-4613-3-0001, upon which plaintiff based many of its responses to defendant's interrogatories, plaintiff conceded that 41 U.S.C. § 254(b) applied to those portions of the contract relating to architectural and engineering services for the WFOs.

INTERROGATORY NO. 2:

Please identify each communication made by Defendant, including any employee, office or agent of NOAA or the Department of Commerce, to any representative of Plaintiff, prior to contract award or during the period of performance, that the six percent limitation in 41 U.S.C. § 254(b) applied to the contract. For each communication, also identify:

a. The name of the employee, office or agent originating the communication;

b. The date of the communication;

c. The substance of the communication;

d. The circumstances under which the communication was made;

e. All individuals to whom or in whose presence the communication was made;

f. All documents recording such communication; and

g. All documents relating to such communication.

RESPONSE:

Defendant objects to this interrogatory upon the ground that it is overly broad and unduly burdensome considering that plaintiff is asking for defendant to provide information between anyone within the United States Government with any individual within plaintiff. Defendant further objects upon

the grounds that the information about communications that plaintiff seeks concerning the applicability of the six percent limitation would constitute a conclusion of law. Defendant also objects upon the ground of relevancy in that the information plaintiff seeks in this interrogatory appears to be beyond the scope of the discovery limitations set forth in the parties' October 13, 2000 Joint Preliminary Status Report ("JPSR"), which limited discovery to the issues of (1) whether the six percent limitation is applicable to the contract that is the subject this dispute; and (2) if the six percent limitation is applicable, what is the appropriate "estimated cost of construction" to use as the denominator when calculating whether the amounts paid to the contractor exceed the statutory limitation.

Without waiving these objections, or any other objections defendant may have to this interrogatory, regardless of any communications defendant may have had with plaintiff, the six percent limitation is statutory. Consequently, the limitation was applicable to the contract by the operation of law and, therefore, could not be waived by defendant. Moreover, in plaintiff's June 21, 1993 response to OIG's Final Audit Report No. DEN-4613-3-0001, upon which plaintiff based many of its responses to defendant's interrogatories, plaintiff conceded

that 41 U.S.C. § 254(b) applied to those portions of the contract relating to architectural and engineering services for the Weather Forecast Offices. Finally, defendant is aware of occasions before or during performance of the contract when defendant communicated to plaintiff that the statutory limitation applied, including, but not limited to, the following:

a. The transmittal of a Department of Commerce legal opinion from the Contracting Officer to Mr. Jack Tolliver in April, 1987 that stated that the statutory six percent limitation applied; and

b. Discussions between plaintiff and defendant in early 1990 concerning option year four of the contract.

INTERROGATORY NO. 3:

Please identify each communication made by anyone within Defendant, including any employee, office or agent of NOAA or the Department of Commerce, to any other person within defendant, including any employee, office, representative, member, or agent of NOAA, the Department of Commerce, any other federal agency, or Congress, prior to contract award or during the period of performance, regarding applicability of the six percent limitation in 41 U.S.C. § 254(b) to the contract or to the provision of architecture and engineering services generally under the contract. For each communication identify:

a. The name of the employee, office or agent originating the communication;

b. The date of the communication;

c. The substance of the communication;

d. The circumstances under which the communication was made;

e. All individuals to whom or in whose presence the communication was made;

f. All documents recording such communication; and

g. All documents relating to such communication.

RESPONSE:

Defendant objects to this interrogatory upon the ground that it is overly broad and unduly burdensome considering that plaintiff is asking for defendant to provide information between anyone within the United States Government with any other individual within the United States Government. Defendant also objects upon the grounds that the information plaintiff seeks may be privileged pursuant to the attorney-client and attorney work product privileges. Defendant further objects upon the grounds that the information plaintiff seeks concerning the applicability of the six percent limitation would constitute a conclusion of law. Defendant also objects upon the grounds that the information plaintiff seeks in this interrogatory appears to be beyond the scope of the discovery limitations set forth in the parties' October 13, 2000 JPSR, which limited discovery to (1) whether the six percent limitation is applicable to the contract that is the subject this dispute; and (2) if the six percent limitation is applicable, what is the appropriate "estimated cost of construction" to use as the denominator when calculating whether the amounts paid to the contractor exceed the statutory limitation.

Without waiving these objections, or any other objections

defendant may have to this interrogatory, the six percent limitation is statutory and was applicable to the contract by the operation of law. Moreover, plaintiff's June 21, 1993 response to OIG's Final Audit Report No. DEN-4613-3-0001, upon which plaintiff based many of its responses to defendant's interrogatories, plaintiff conceded that 41 U.S.C. § 254(b) applied to those portions of the contract relating to architectural and engineering services for the WFOs.

INTERROGATORY NO. 4:

Please identify all agreements between the parties relating to the application of six percent limitation to the contact.

For each such agreement, identify:

a. All individuals involved in negotiating the agreement;

b. The date of the agreement;

c. The substance of the agreement;

d. The circumstances under which the agreement was made;

e. All individuals with knowledge of the agreement;

f. All documents recording such agreement;

g. All documents relating to such agreement.

RESPONSE:

Plaintiff objects to the interrogatory upon the grounds that it is overly broad because plaintiff's reference to all agreements between the parties is vague and ambiguous. Without waiving this objection, or any other objection defendant may have to this interrogatory, when the parties entered into Contract No. 50WCNA606099, the six percent limitation upon design fees for WFOs applied by operation of law. Therefore, no separate agreements were required for the

six percent limitation to apply. Further, because the limitation was required by statute, the parties could not enter into an agreement waiving or modifying the limitation.

INTERROGATORY NO. 5:

Identify each guideline, policy, procedure, directive or other document created by NOAA, the Department of Commerce, or any other federal agency or component thereof, related to application of 41 U.S.C. § 254(b) and Federal Acquisition Regulations ("FAR") § 15.903(d)(1)(ii)(1986), and consulted or utilized by Defendant in the preparation of the contracting officer's decision of April 13, 1999.

RESPONSE:

Defendant objects to this interrogatory upon the grounds that is overly broad and unduly burdensome because plaintiff asks defendant identify guidelines, policy, procedure, directives, or other documents created by "any other federal agency." Defendant also objects to this interrogatory upon the grounds it may request information that is privileged pursuant to the attorney-client privilege and/or attorney work product privilege. Without waiving this objection, or any other objection defendant may have to this interrogatory, defendant is unaware of any document, that is not privileged, created by NOAA or the Department of Commerce which provides guidance, policy, or other direction relating to 41 U.S.C. § 254(b) and FAR 15.903(d)(1)(ii)(1986). In preparing her final decision, the contracting officer was aware of the fact

that the six percent limitation was statutorily required. Moreover, the contracting officer was aware of, and reviewed, regulations and other guidance promulgated by the General Services Administration (48 C.F.R. § 516.603-3 and a portion of the GSA handbook relating to architecture and engineering contracts); Department of Defense (48 C.F.R. § 236.6); and the Army Corps of Engineers("COE") (COE FAR Supplement § 36 605(101) and Architect-Engineer Contracting Handbook of the Huntsville Division).

INTERROGATORY NO. 6:

In paragraph 146 of Defendant's Amended Answer to Plaintiff's Complaint and Defendant's Counterclaim, Defendant alleges that "[t]he estimated cost of construction totaled $49,852,262." In relation to this allegation, explain in detail each respect in which Defendant contends that the $49,852,262 figure constitutes an "estimate" as the term "estimated cost" is used in the referenced paragraph.

RESPONSE:

Defendant objects to this interrogatory upon the ground that it is vague and ambiguous. The term "estimate" is a commonly used word in the English language. Without waiving this objection, or any other objection defendant may have to this interrogatory, if plaintiff is asking what was the basis for the estimate in the referenced paragraph, this estimate was taken from the contracting officer's final decision, which sets out, in detail, the basis for that calculation.

INTERROGATORY NO. 7:

In paragraph 146 of Defendant's Amended Answer to Plaintiff's Complaint and Defendant's Counterclaim, Defendant alleges that "[t]he estimated cost of construction. . . totaled $49,852,262."

a. Does Defendant contend that Defendant's alleged estimate was prepared "at the time of entering into the contract" as that phrase is used in 41 U.S.C. § 254(b)?

b. If Defendant's answers to subpart (a) above is affirmative, explain in detail the factual and legal basis for Defendant's allegation that Defendant's alleged estimate was prepared at the time of entering into the contract between the parties.

RESPONSE:

Defendant objects to this interrogatory upon the grounds that it calls for a legal conclusion concerning the phrase "'at the time of entering into the contract' as that phrase is used in 41 U.S.C. § 254(b). Defendant further objects to this interrogatory upon the ground that it requests information that may be privileged pursuant to the attorney-client and/or attorney work product privileges. Without waiving these objections, or any other objection defendant may have to this interrogatory, the contracting officer's final decision

explains, in detail, the calculation of the "estimated cost of construction" and the source of the figures used in that calculation.

INTERROGATORY NO. 8:

In paragraph 146 of Defendant's Amended Answer to Plaintiff's Complaint and Defendant's Counterclaim, Defendant alleges that "[t]he estimated cost of construction. . . totaled $49,852,262." Identify this estimated cost and

a. Explain in detail how this estimate was calculated;

b. Identify each facility included in the "estimated cost of construction" referenced above, state the reason it was included in the estimate, and state the cost included for that facility;

c. State when the $49,852,262 amount referenced in this interrogatory was calculated;

d. Identify the person(s) who requested that the referenced estimate be performed;

e. Identify the person(s) who performed the estimate;

f. Identify all data used in performing the estimate, including all data considered with reference to the facility costs referenced in subpart 8(b) above;

g. Identify all guidelines policies, procedures, directives or other documents constraining, explaining, suggesting, specifying, or otherwise relating to the manner in which the estimate was performed;

h. Identify all agreements between the parties related

to the manner in which the referenced estimate should be performed;

i. Identify all correspondence between the parties regarding the manner in which the referenced estimate should be performed; and

j. Identify all documents related to performance of the calculation.

RESPONSE:

Defendant objects to this interrogatory upon the ground that it seeks information that may be privileged pursuant to the attorney-client and/or attorney work product privilege. Without waiving this objection, or any other objection defendant may have to this interrogatory, see our response to interrogatory no. 7. Also, any documents concerning the contract, not privileged, were provided plaintiff in response to plaintiff's requests for production for documents.

INTERROGATORY NO. 9:

Identify each estimate of the cost of the project or any part thereof performed at or prior to execution of the July 1986 letter contract between the parties or definitization of the contract in May 1987. For each such estimate:

a. Explain in detail how this amount was calculated;

b. State when this amount was calculated;

c. State the purpose of performing the estimate;

d. Identify the person(s) who requested that the referenced estimate be performed;

e. Identify the person(s) who performed the estimate;

f. Identify all data used in performing the estimate;

g. Identify all guidelines, policies, procedures, directives and other documents constraining, explaining, suggesting, specifying, or otherwise relating to the manner in which the estimate was performed;

h. Identify the date on which the estimate was communicated to Plaintiff;

i. Identify each representative of Plaintiff to whom the estimate was communicated;

j. Identify all correspondence between the parties regarding this estimate; and

k. Identify all documents related to performance of the

estimate.

RESPONSE:

Defendant objects to this interrogatory upon the ground that it is vague and ambiguous in that plaintiff does not provide a definition of what plaintiff means by the phrase "cost of the project." Defendant further objects to this interrogatory upon the ground that it seeks information that may be privileged pursuant to the attorney-client and/or attorney work product privileges. Without waiving these objections, or any other objection defendant may have to this interrogatory, the statement of work for both the letter contract and definitized contract concerned the National Weather Service's (NWS) modernization program, which included the construction of over 100 separate WFOs. Pursuant to the letter and definitized contracts, plaintiff provided comprehensive program support, engineering and architectural design services, as well as construction management and inspection services in support of NWS modernization program. One of the requirements of the contract was for plaintiff was to provide NWS the estimated cost of construction of each Weather Forecast Office. Consequently, defendant could not develop the estimated cost of construction individual WFOs prior to execution of either the letter or definitized

contracts because this was a contract requirement for plaintiff to provide to defendant.

Concerning the portions of the interrogatory requesting documents, defendant, pursuant to plaintiff's requests for production of documents, has provided plaintiff all non-privileged documents concerning the contract that are in defendant's possession and control.

INTERROGATORY NO. 10:

Does Defendant contend that NOAA and Plaintiff did not agree to employ the Army Corps of Engineers guidelines set forth in the July 31, 1989 Engineer Federal Acquisition Regulation Supplement, Subpart 36.6, Architect Engineer Services, referenced and attached as Tab 12 to Plaintiff's June 21, 1993 position paper submitted to Defendant, in the determination of services constituting architect and engineering services?

RESPONSE:

Defendant objects to this interrogatory upon the ground that it seeks information beyond the scope of the discovery limitations set forth in the parties' October 13, 2000 JPSR, which limited discovery to (1) whether the six percent limitation is applicable to the contract that is the subject this dispute; and (2) if the six percent limitation is applicable, what is the appropriate "estimated cost of construction" to use as the denominator when calculating whether the amounts paid to the contractor exceed the statutory limitation. If plaintiff can establish that this interrogatory seeks information that is not beyond the scope of discovery set forth in the JPSR, defendant will reconsider this objection.

INTERROGATORY NO.11:

Please identify each communication between Plaintiff and Defendant or within or among NOAA, the Department of Commerce and the OIG regarding standards considered or employed with regard to categorization of architecture and engineering services under the contract or the categorization of such services for purposes of implementing 41 U.S.C. § 254(b), generally For each such communication:

a. Identify the person originating the communication;

b. Identify the person(s) party to the communication;

c. Identify the date of the communication;

d. Identify the form of the communication;

e. Identify the substance of the communication;

f. Identify all documents recording or reflecting the substance of the communication; and

g. Identify all documents relating to the communication.

RESPONSE:

Defendant objects to this interrogatory upon the ground that it seeks information beyond the scope of the discovery limitations set forth in the parties' October 13, 2000 JPSR, which limited discovery to (1) whether the six percent limitation is applicable to the contract that is the subject