this dispute; and (2) if the six percent limitation is applicable, what is the appropriate "estimated cost of construction" to use as the denominator when calculating whether the amounts paid to the contractor exceed the statutory limitation. If plaintiff can establish that this interrogatory seeks information that is not beyond the scope of discovery set forth in the JPSR, defendant will reconsider this objection. Moreover, defendant objects to this interrogatory upon the grounds that it seeks information that may be privileged pursuant to the attorney-client and/or attorney work product privileges.

INTERROGATORY NO. 12:

Please identify estimate of cost of construction performed relative to the project, including each estimate of "cost of construction" as that term is used in FAR 15.903(d)(1)(ii)(1986). For each estimate:

a. Explain in detail how this amount was calculated;

b. State when this amount was calculated;

c. Identify each construction site included in the estimate and the applicable estimated cost of construction for each site so included;

d. State the purpose of performing the estimate;

e. Identify the person(s) who requested the referenced estimate;

f. Identify the person(s) who performed the estimate;

g. Identify all data used in performing the estimate;

h. Identify all guidelines, policies, procedures, directives and other documents constraining, explaining, suggesting, specifying, or otherwise relating to the manner in which the estimate was performed;

i. Identify the date on which the estimate was communicated to Plaintiff;

j. Identify each representative of Plaintiff to whom the estimate was communicated; and

k. Identify all documents related to performance of the estimate.

RESPONSE:

Defendant objects to this interrogatory upon the ground that it is vague and ambiguous because plaintiff does not define the term "project" as it is used in the interrogatory. Defendant also objects upon the ground that it calls for a legal conclusion upon the meaning of "'estimate of cost of construction' as that term is used in FAR 15.903(d)(1)(ii)(1986)." Without waiving these objections, or any other objection defendant may have to this interrogatory, the contracting officer's final decision explains, in detail, the calculation of the "estimated cost of construction" and the source of the figures used in that calculation, upon which she based her final decision.

INTERROGATORY NO.13:

Does Defendant contend that leased sites must be excluded from the calculation of "estimated cost" of "the project" as those terms are employed in 41 U.S.C. § 254? If so, please provide the basis for this belief and explain in detail all the grounds upon which Defendant has concluded that it can exclude leased sites from the calculation of estimated project cost.

RESPONSE:

Defendant objects to this interrogatory upon the ground that it requests defendant to provide a legal conclusion as to how the terms "estimated cost of the project" are employed in 41 U.S.C. § 254. Defendant also objects to this interrogatory upon the grounds that it requests information that may be privileged pursuant to the attorney-client and/or the attorney work-product privileges. Defendant further objects to this interrogatory upon the ground that it is vague and ambiguous in that plaintiff does not provide an explanation of the term "project."

Without waiving these objections, or any other objection defendant may have to this interrogatory, the leased sites should be excluded. As plaintiff conceded in its June 21, 1993 response to OIG's Final Audit Report No. DEN-4613-3-0001,

the amount of plaintiff's engineering was relatively small because the lessor was required to retain its own design professionals to prepare substantive designs and construction documents. Thus, inclusion of the cost of construction for leased sites upon which plaintiff performed little or no design work would not reflect who actually performed the design work. Therefore, the contracting officer properly excluded the sites from her calculation.

INTERROGATORY NO. 14:

Does Defendant contend that leased sites must be excluded from the calculation of "estimated cost of construction" as that term is used in FAR 15.903(d)(1)(ii)(1986)? If so, please provide the basis for this belief and explain in detail all the grounds upon which Defendant has concluded that it can exclude leased sites from the calculation of estimated cost of construction.

RESPONSE:

See our objections and response to interrogatory no. 13.

INTERROGATORY NO.15:

If the Court determines that the limitation on architectural and engineering services set out at 41 U.S.C. § 254(b) applies to the contract, does Defendant contend that the fixed fee under the contract should be excluded from the calculation of the denominator? If so, please explain in detail all legal and factual bases for this conclusion.

RESPONSE:

Please refer to the contracting officer's final decision, which explains the calculation of the "estimated cost of construction" and the source of the figures used in that calculation, upon which the contracting officer based her final decision.

INTERROGATORY NO. 16:

Please identify:

(a) all person(s) who Defendant may call as witnesses upon the subject of estimated project costs or estimated costs of construction; and

(b) each person Defendant may not call as a witness, who, to the best of Defendant's knowledge and belief, may have information concerning such estimate.

RESPONSE:

Defendant objects to this interrogatory upon the grounds of relevancy. Pursuant to the JPSR filed with the Court on October 13, 2000, the parties agreed that discovery would be conducted for the limited purpose of filing dispositive motions. The parties agreed that dispositive motions were appropriate upon the issues of (1) whether the six percent limitation set forth in 41 U.S.C. 254(b) was applicable to the contract was the subject of the dispute; and (2) if the six percent fee was applicable, what is the estimated cost of construction to use as the denominator when calculating whether the amounts paid to the contractor exceed the statutory limitation. Consequently, because parties are attempting to resolve the issue of estimated costs of construction through dispositive motions, defendant, at the

present time, does not intend to call any witnesses. Should the issue not be resolved by dispositive motion, defendant will advise plaintiff, at the appropriate time, who its witnesses, upon this issue, will be.

INTERROGATORY NO. 17:

Please identify each price (as that term is used in FAR 15.903(d)(1)(1986)) negotiated by the contracting officer with Plaintiff related to the project or any part thereof. For each such price identified:

a. State the date upon which the agreement reflecting the negotiated price was executed;

b. State the amount of the price negotiated;

c. Identify each contractual document incorporating the price agreement; and

d. Identify each "estimated cost of construction" as that term is used in FAR 15.903(d)(1)(ii)(1986) utilized by the contracting officer in determining that the negotiated price did not exceed six percent of the "estimated cost of construction" requested by the referenced subsection.

RESPONSE:

Defendant objects to this interrogatory upon the ground that it is vague and ambiguous because plaintiff does not define what it means by the term "project." Defendant also objects upon the ground that this interrogatory calls for a legal conclusion in that plaintiff asks defendant to identify the terms "price" and "estimated cost of construction" as those terms are used in the FAR. Defendant further objects to

this interrogatory upon the ground that subparagraphs a, b, and c do not fall within the October 13, 2000 JPSR, which limited discovery to (1) whether the six percent limitation is applicable to the contract that is the subject this dispute; and (2) if the six percent limitation is applicable, what is the appropriate "estimated cost of construction" to use as the denominator when calculating whether the amounts paid to the contractor exceed the statutory limitation. Without waiving any of these objections, or any other objection defendant may have to this interrogatory, defendant responds to subparagraph d by referring plaintiff to the contracting officer's final decision that explains, in detail, the calculation of the "estimated cost of construction" and the source of the figures used in that calculation.

INTERROGATORY NO. 18:

With regard to each "estimated cost of construction" listed in Interrogatory No. 17, subpart (d), please identify the estimated cost of construction and:

a. Explain in detail how the estimate was calculated;

b. Identify each facility included in the "estimated cost of construction" referenced above, state the reason it was included in the calculation, and state the cost included for that facility;

c. State when the estimate was calculated;

d. Identify the person(s) who requested that the referenced calculation be performed;

e. Identify the person(s) who performed the calculation;

f. Identify all data used in performing the calculation, including all data considered with reference to the facility costs referenced in subpart paragraph (b) above;

g. Identify all guidelines, policies, procedures, directives and other documents constraining, explaining, suggesting, specifying, or otherwise relating to the manner in which the estimate was performed;

h. Identify all documents related to performance of the estimate.

RESPONSE:

See defendant's objections and response to interrogatory no. 17. Further, all documents concerning the contract, which are not privileged, were provided plaintiff pursuant to plaintiff's request for production of documents.

INTERROGATORY NO. 19:

Please explain in detail the procedures, if any, employed by Defendant, during the contract performance period from July 29, 1986 to October 31, 1992 to monitor or ascertain whether contract payments made to Plaintiff, pursuant to the contract, for architectural and engineering services performed pursuant to the contract, complied with the six percent limitation in 41 U.S.C. § 254(b)

RESPONSE:

Defendant objects to this interrogatory upon the ground that it seeks information beyond the scope of the discovery limitations set forth in the parties' October 13, 2000 JPSR, which limited discovery to (1) whether the six percent limitation is applicable to the contract that is the subject this dispute; and (2) if the six percent limitation is applicable, what is the appropriate "estimated cost of construction" to use as the denominator when calculating whether the amounts paid to the contractor exceed the statutory limitation. Without waiving this objection, or any other objection defendant may have to this interrogatory, the six percent limitation is required by statute and cannot be waived. Therefore, if plaintiff was overpaid, i.e., if plaintiff was paid more than the six percent allowed by

41 U.S.C. §254(b), upon the design and engineering portions of the contract, plaintiff is liable to the government for those overpayments.

INTERROGATORY NO. 20:

For each task order issued under Section B-7 of the contract, by the contracting officer, requiring Plaintiff to expend Direct Production Man Hours as that term is used in the contract, explain the process by which the contracting officer verified that the price for the hours he was ordering Plaintiff to expend complied with the six percent limitation in 41 U.S.C. § 254(b).

RESPONSE:

See defendant's objection and response to interrogatory no. 19.

INTERROGATORY NO. 21:

Please identify each estimate of program costs performed with regard to the National Weather Service Warning and Forecast Office Designed Construction Program, the Next Generation Weather Radar Program, or both programs, or any part thereof, including estimates included in agency budget, planning, and report documents. For each such estimate, identify:

a. Explain in detail how this amount was calculated;

b. State when this amount was calculated;

c. State the purpose of performing the estimate;

d. Identify the person(s) who requested that the referenced estimation be performed;

e. Identify the person(s) who performed the estimate;

f. Identify all data used in performing the estimate;

g. Identify all guidelines, policies, procedures, directives and other documents constraining, explaining, suggesting, specifying, or otherwise relating to the manner in which the estimate was performed;

h. Identify each individual, federal agency, or branch of federal government to whom the estimate was communicated; and

i. Identify all documents related to performance of the

estimate.

RESPONSE:

Defendant objects to this interrogatory upon the grounds that it is overly broad, unduly burdensome, irrelevant in that it seeks the estimated costs of the Next Generation Weather Radar Program ("NEXRAD"). Pursuant to the October 13, 2000 JPSR, discovery is limited to determining (1) whether the six percent limitation is applicable to the contract that is the subject this dispute; and (2) if the six percent limitation is applicable, what is the appropriate "estimated cost of construction" to use as the denominator when calculating whether the amounts paid to the contractor exceed the statutory limitation. Without waiving these objections, or any other objection defendant may have to this interrogatory, please refer to the contracting officer's final decision, which explains the calculation of the "estimated cost of construction" and the source of the figures used in that calculation. Further, all documents concerning the contract, which are not privileged, that are within defendant's possession and control were provided plaintiff pursuant to plaintiff's requests for production of documents.

INTERROGATORY NO. 22:

For each of the preceding interrogatories, please identify each individual who provided assistance in responding to the Interrogatory, including, but no limited to, complete names, addresses, employer, agency (if applicable), position held during contract performance, position held at present, a description of information provided.

RESPONSE:

Donita McCullough, Department of Commerce contracting officer.

INTERROGATORY NO. 23:

Please identify each and every individual Defendant intends to call, or may call, as a witness to testify before the Court should this case go to trial and/or whose affidavit or declaration Defendant intends to or may use in support of a motion for summary judgment or any other dispositive motion. Your response should include, but is not limited to, the complete name and address of each individual, his or her relation to the Defendant, and the substance of the evidence that he or she would provide in court or in an affidavit or declaration in support of a dispositive motion.

RESPONSE:

Defendant objects to this interrogatory upon the grounds it is overly broad in that it seeks the names of witnesses who may testify in this case if it should go to trial. Pursuant to the October 13, 2000 JPSR, at the present time discovery is limited to (1) whether the six percent limitation is applicable to the contract that is the subject this dispute; and (2) if the six percent limitation is applicable, what is the appropriate "estimated cost of construction" to use as the denominator when calculating whether the amounts paid to the contractor exceed the statutory limitation. As to declarations defendant intends to submit in support of a

dispositive motion, defendant intends, at the present time, to submit the declaration of Donita McCullough, Department of Commerce contracting officer. The subject matter of Ms. McCullough's declaration will be how she calculated, for purposes of 41 U.S.C. § 254(b), the "estimated cost of construction" in her final decision. Should defendant decide to submit declarations from other individuals, it will amend this response and notify plaintiff immediately.

INTERROGATORY NO. 24:

Please identify each and every individual, if any, Defendant intends to call or may offer to the Court as an expert witness for purpose of giving expert testimony should this case go to trial or for the purpose of providing affidavits or declarations in support of a motion for summary judgment or other dispositive motion. Your response should include, but is not limited to, the complete name and address of each individual, his or her curriculum vitae, and the substance of the evidence that each such witness is expected to give or provide in affidavit or declaration.

RESPONSE:

At the present time, defendant does not anticipate submitting a declaration by an expert upon the issues to which discovery is presently limited, i.e., (1) whether the six percent limitation is applicable to the contract that is the subject this dispute; and (2) if the six percent limitation is applicable, what is the appropriate "estimated cost of construction" to use as the denominator when calculating whether the amounts paid to the contractor exceed the statutory limitation. Should defendant decide to use expert testimony upon these issues, plaintiff will be immediately notified and defendant will amend this response.

ROBERT D. MCCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

DONALD E. KINNER
Assistant Director

STEVEN J. ABELSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 514-4325

Attorneys for Defendant

OF COUNSEL:

FRED KOPATICH
Attorney
Office of the General Counsel
Department of Commerce
14th & Constitution Ave, N.W.
Room 5893
Washington, D.C. 20230

January 28, 2002

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 19th day of March, 2003, I caused to be delivered by hand copies of "DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES" addressed as follows:

FRANK M. RAPPORT, ESQ.
MCKENNA, LONG & ALDRIDGE, L.L.P.
1900 K Street
Washington, D.C. 20006

Dana Chase