IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FLUOR ENTERPRISES, INC.<br>f/k/a FLUOR DANIEL, INC. | ) | |
| Plaintiff, | ) | No. 00-207C |
| v. | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Rules of the United States Court of Federal Claims (RCFC), defendant has made a good faith effort to respond fully to plaintiff's requests for admissions. However, discovery is continuing and defendant reserves the right to supplement its responses, including any objections that may be applicable, based upon any additional information that may be discovered subsequent to these responses. Defendant responds to plaintiff's first requests for admission as follows:

REQUEST FOR ADMISSION NO. 1:

Prior to the Government's execution of Letter Contract No. 50WCNA606099, the Government did not determine, either separately or as part of any other estimate, the estimated cost of construction applicable to the NWSWFO Design and Construction Program.

RESPONSE:

Defendant objects to this request for admission upon the ground that the reference to "the estimated cost of construction applicable to the NWSWFO Design and Construction Program" is vague and ambiguous. Without waiving this objection, defendant admits that defendant did not develop an estimated cost of construction of individual Weather Forecast Offices (WFOs) prior to execution of either the letter or definitized contracts. Defendant further avers that the statement of work for both the letter contract and definitized contract provided that plaintiff would provide comprehensive program support, engineering and architectural design services, as well as construction management and inspection services in support of the National Weather Service's (NWS) modernization program, which included the construction of over 100 separate Weather Forecast Offices (WFO). Pursuant to the contract, plaintiff was to provide NWS the estimated cost of construction of each WFO.

REQUEST FOR ADMISSION NO. 2:

Prior to the government's execution of definitized contract no. 50WCNA606099, the government did not determine, either separately or as part of any other estimate, the estimated cost of construction applicable to the NWSWFO Design and Construction Program.

RESPONSE:

See our response to request No. 1.

REQUEST FOR ADMISSION NO. 3:

Neither Letter Contract No. 50WCNA606099 nor definitized Contract No. 50WCNA606099 expressly includes or incorporates by reference the 6 percent limitation set forth in 41 U.S.C. § 254(b) and the implementing regulations.

RESPONSE:

Defendant objects to this request for admission upon the grounds that contracts speak for themselves and are the best evidence of their contents. Without waiving this objection, pursuant to 41 U.S.C. § 254(b), the limitation of design fees to 6 percent of the estimated cost of construction is statutorily mandated and cannot be waived.

REQUEST FOR ADMISSION NO. 4:

At no point prior to the government's execution of Letter Contract No. 50WCNA606099 did the government communicate to Plaintiff an estimated cost of construction applicable to the NWSWFO Design and Construction Program.

RESPONSE:

See defendant's response to request no. 1.

REQUEST FOR ADMISSION NO. 5:

At no point prior to the government's execution of definitized Contract No. 50WCNA606099 did the government communicate to Plaintiff an estimated cost of construction applicable to the NWSWFO Design and Construction Program.

RESPONSE:

See defendant's response to request no. 1.

REQUEST FOR ADMISSION NO. 6:

At no point prior to the government's execution of Letter Contract No. 50WCNA606099 did the government communicate to Plaintiff a contract ceiling price based on application of the 6 percent limitation set forth in 41 U.S.C. § 254(b) and the implementing regulations.

RESPONSE:

Defendant objects to this request for admission upon the ground that the term "contract ceiling price" is vague and overly broad. Without waiving this objection, defendant denies this request for admission. The contract contained an "estimated cost" for project management and other services, not a contract ceiling price. Moreover, as early as March, 1987, defendant communicated to plaintiff that, pursuant to 41 U.S.C. § 254(b), the statutorily mandated 6 percent limitation upon design fee was applicable to the design services plaintiff was to perform pursuant to the contract.

REQUEST FOR ADMISSION NO. 7:

At no point prior to the government's execution of definitized Contract No. 50WCNA606099 did the government communicate to Plaintiff a contract ceiling price based on application of the 6 percent limitation set forth in 41 U.S.C. § 254(b) and the implementing regulations.

RESPONSE:

See the response to request for admission no. 6.

REQUEST FOR ADMISSION NO. 8:

At no point prior to the government's execution of Letter Contract No. 50WCNA606099 did the government communicate to Plaintiff a contract ceiling price on architecture/engineering services based on application of the 6 percent limitation set forth in 41 U.S.C. § 254(b) and the implementing regulations.

RESPONSE:

See our response to request for admission no. 6.

REQUEST FOR ADMISSION NO. 9:

At no point prior to the government's execution of definitized Contract No. 50WCNA606099 did the government communicate to Plaintiff a contract ceiling price on architecture/engineering services based on application of the 6 percent limitation set forth in 41 U.S.C. § 254(b) and the implementing regulations.

RESPONSE:

See the response to request for admission no. 6.

REQUEST FOR ADMISSION NO. 10:

The government issued a notice authorizing Plaintiff to proceed with the requirements of Task Order No. 1 under the contract.

RESPONSE:

Admitted with the further clarification that modifications were issued to the contract that authorized plaintiff to proceed with the requirements of the task orders.

REQUEST FOR ADMISSION NO. 11:

The government issued a notice authorizing Plaintiff to proceed with the requirements of Task Order No. 2 under the contract.

RESPONSE:

See the response to request for admission no. 10.

REQUEST FOR ADMISSION NO. 12:

The government issued a notice authorizing Plaintiff to proceed with the requirements of Task Order No. 3 under the contract.

RESPONSE:

See the response to request for admission no. 10.

REQUEST FOR ADMISSION NO. 13:

The government issued a notice authorizing Plaintiff to proceed with the requirements of Task Order No. 4 under the contract.

RESPONSE:

See the response to request for admission no. 10.

REQUEST FOR ADMISSION NO. 14:

The government issued a notice authorizing Plaintiff to proceed with the requirements of Task Order No. 5 under the contract.

RESPONSE:

See the response to request for admission no. 10.

REQUEST FOR ADMISSION NO. 15:

The contract required Plaintiff to engage in design efforts within government guidelines including a building design for a base-line new WFO and existing engineering information from government files for existing offices requiring expansion or modification.

RESPONSE:

Defendant objects to this request for admission upon the grounds that the contract speaks for itself and is the best evidence of its contents. Without waiving this objection, defendant can neither admit nor deny this request for admission because defendant does not understand plaintiff's allegations regarding the contract requirements. If plaintiff clarifies this request for admission, defendant, subject to objection, will attempt to provide an answer.

REQUEST FOR ADMISSION NO. 16:

The performance of the contract required that Plaintiff perform architect/engineer services relative to specific sites prior to Plaintiff's submission of final cost estimates for those sites to the government.

RESPONSE:

Defendant objects to this request for admission upon the grounds that the contract is the best evidence of its contents and speaks for itself. Without waiving this objection, defendant denies the request for admission.

REQUEST FOR ADMISSION NO. 17:

Neither the Letter Contract No. 50WCNA606099 nor definitized Contract No. 50WCNA606099 contains an estimate of construction costs.

RESPONSE:

See the response to request for admission no. 1.

REQUEST FOR ADMISSION NO. 18:

At all times during performance of the contract prior to the Office of Inspector General audit reported in Audit Report No. DEN-4613-30001, the only estimates of construction costs available were those prepared by Plaintiff.

RESPONSE:

Defendant objects to this request for admission upon the ground that the term "only" is overly broad. Without waiving this objection, defendant admits that plaintiff prepared estimates of construction costs. See also our response to request no. 1.

REQUEST FOR ADMISSION NO. 19:

At the time of entering into Letter Contract No. 50WCNA606099, defendant was unable to determine the estimated cost of construction applicable to the NWSWFO Design and Construction Program.

RESPONSE:

See the response to request for admission no. 1.

REQUEST FOR ADMISSION NO. 20:

Due to the inability of the parties to estimate the cost of construction at the time of entering into Letter Contract No. 50WCNA606099, Plaintiff and the Contracting Officer Jesus Arredondo agreed to enter into a level of effort professional services contract.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 21:

Prior to the negotiations related to Option Year Four that took place on June 12, 1990, no express agreement existed between the parties that addressed the limitations set forth by 41 U.S.C. § 254(b).

RESPONSE:

Admitted with the further clarification that the requirements imposed upon the parties pursuant to 41 U.S.C. § 254(b) are statutorily mandated. Therefore, there does not have to be an agreement, express or otherwise, for the statutory requirements of 41 U.S.C. § 254(b) to be applicable to the design services which plaintiff performed pursuant to the contract. Moreover, as early as March, 1987, defendant informed plaintiff that the design fee limitation of 41 U.S.C. § 254(b) applied to the design services plaintiff was to perform pursuant to the contract.

REQUEST FOR ADMISSION NO. 22:

Present on behalf of Defendant at the negotiations related to Option Year Four that took place on June 12, 1990, were Contracting Officer Donita McCullough, Contracting Officer Technical Representative Max Entrikin, Assistant Contracting Officer Technical Representative Ron Rusch, and Assistant Contracting Officer Technical Representative Ed Mische.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 23:

Contracting Officer Donita McCullough and Contracting Officer Technical Representative Max Entrikin were both representatives of the Department of Commerce, NOAA, Central Administrative Support Center.

RESPONSE:

Defendant objects to this request for admission upon the grounds that it is vague and overly broad. The request for admission does not refer to any specific matter or time frame. Without waiving this objection, defendant admits that, at certain times during the administration of contract no. 50WCNA606099, Donita McCullough acted as the contracting officer and Max Entrikin acted as the contracting officer's technical representative.

REQUEST FOR ADMISSION NO. 24:

The parties present during the negotiations related to Option Year 4 that took place on June 12, 1990 orally agreed concerning which design tasks would be subject to the fee limitation set forth in 41 U.S.C. § 254(b).

RESPONSE:

Denied. Moreover, because the fee limitation was statutorily mandated, no one within the Government was authorized to change the services that were subject to the fee limitation.

REQUEST FOR ADMISSION NO. 25:

On June 15, 1990 Defendant received a document labeled "Price & Profit Limitations" that summarized the agreement made by the parties at the June 12, 1990 meeting.

RESPONSE:

Defendant admits it received a document entitled "Price and Profit Limitations." Defendant objects to the remainder of this request for admission upon the grounds that it is vague and overly broad. Plaintiff does not explain what is meant by the terms "summarized" and "agreement." Moreover, defendant also objects upon the grounds that the document speaks for itself and is the best evidence of its contents. Without waiving this objection, if by the term "agreement" plaintiff is claiming that the cited letter modified the contract, plaintiff knew, or should have known, that the letter could not constitute a modification to the contract. Further, because 41 U.S.C. § 254(b) statutorily mandated those services that were subject to the 6 percent fee limitation, plaintiff knew, or should have known that defendant could not waive the requirements of that statute.

REQUEST FOR ADMISSION NO. 26:

At no time prior to April 1992 did Defendant assert to Plaintiff that the "Price & Profit Limitations" document received by Defendant on June 15, 1990 did not represent the agreement of the parties.

RESPONSE:

Defendant objects to this request for admission upon the grounds that it is vague and overly broad. Plaintiff does not explain what plaintiff means by the term "assert" or "agreement." Without waiving this objection, plaintiff knew, or should have known that the alleged letter did not constitute a modification to the contract. Moreover, the requirements of 41 U.S.C. § 254(b) are statutorily mandated. Therefore, defendant could not change, modify, or waive those requirements.

REQUEST FOR ADMISSION NO. 27:

After the negotiations that took place on June 12, 1990, Contracting Officer Donita McCullough and Contracting Officer Technical Representative Max Entrikin believed that the resulting agreement between the parties regarding the fee limitation set forth by 41 U.S.C. § 254(b) complied with the statute.

RESPONSE:

Defendant objects to this request for admission upon the ground that whether plaintiff complied with the statute is a conclusion of law. Without waiving this objection, defendant denies the request for admission. Only the contract, as properly modified, constituted the complete agreement between plaintiff and defendant. Moreover, the requirements of 41 U.S.C. § 254(b) are statutorily mandated. Therefore, defendant could not change, modify, or waive those requirements. Accordingly, the beliefs of specific Government employees regarding compliance with the statute is irrelevant. If plaintiff did not comply with the statute, plaintiff is liable for any resultant overpayment plaintiff received.

REQUEST FOR ADMISSION NO. 28:

Prior to April 1992, Defendant at no time communicated to Plaintiff that Defendant believed Plaintiff was not in compliance with the terms of the agreement reached during the meeting of June 12, 1990 regarding the fee limitation set forth by 41 U.S.C. § 254(b).

RESPONSE:

Defendant objects to this request for admission upon the grounds that the phrase "at no time" is vague and overly broad. Without waiving this objection, the requirements of 41 U.S.C. § 254(b) were statutorily mandated. Therefore, defendant could not change, modify, or waive those requirements. Thus, it is irrelevant whether defendant communicated with plaintiff concerning compliance with the statute. Moreover, because the design services plaintiff performed pursuant to the contract were subject to 6 percent fee limitation imposed by 41 U.S.C. § 254(b), plaintiff knew, or should have known, whether plaintiff was in compliance with the statute.

REQUEST FOR ADMISSION NO. 29:

During the negotiations regarding Option Year Four, the parties used the Army Corps of Engineers guidelines to determine what tasks constituted architect-design services.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 30:

Prior to April 1992, Defendant did not object to any of the costs claimed by Plaintiff for the work that Plaintiff completed on the contract on grounds that reimbursement of such costs or a portion thereof would violate 41 U.S.C. § 254(b) or the implementing regulations.

RESPONSE:

Admitted with the further clarification that the design fee limitation of 6 percent of the estimated cost of construction is statutorily mandated. Therefore, defendant cannot change, modify, or waive that requirement. Accordingly, pursuant to the statute, plaintiff is liable to defendant for any overpayment made to plaintiff in excess of the 6 percent design fee limitation imposed by the statute. Whether defendant objected to costs that may have been subject to the statute is irrelevant to that legal conclusion.

REQUEST FOR ADMISSION NO. 31:

Plaintiff completed all of the work required under the contract.

RESPONSE:

Denied.

REQUEST FOR ADMISSION NO. 32:

NOAA accepted Plaintiff's applications for payment under the contract after review and evaluation.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 33:

Defendant accepted CAS disclosure statements from Plaintiff and did not object to these disclosure statements prior to the Office of Inspector General audit reported in Audit Report No. DEN-4613-30001.

RESPONSE:

Admitted with the further clarification that the requirements of 41 U.S.C. § 254(b) are statutorily mandated. Therefore, defendant could not change, modify, or waive the requirements of that statute even if defendant did not object to the plaintiff's disclosure statements.

REQUEST FOR ADMISSION NO. 34:

Prior to the Office of Inspector General audit reported in Audit Report No. DEN-4613-30001, NOAA and the Defense Contract Audit Agency reviewed and approved Plaintiff's accounting system.

RESPONSE:

Admitted with the further clarification that the requirements of 41 U.S.C. § 254(b) are statutorily mandated. Therefore, defendant could not change, modify, or waive the requirements of that statute even if plaintiff's accounting system was approved.

REQUEST FOR ADMISSION NO. 35:

Defendant ordered all of the work performed by Plaintiff under the contract.

RESPONSE:

Admitted with the further clarification that the requirements of 41 U.S.C. § 254(b) are statutorily mandated. Therefore, defendant could not change, modify, or waive the requirements of that statute. Consequently, the work ordered by defendant, where applicable, was subject to the 6 percent fee limitation of the statute.

REQUEST FOR ADMISSION NO. 36:

The estimated cost of construction utilized in the Office of Inspector General audit reported in Audit Report No. DEN-4613-30001 was developed after the contract was terminated.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 37:

Defendant did not make an Independent Government Estimate of architect-engineer fees prior to each task order under the contract.

RESPONSE:

Admitted with the further clarification that the requirements of 41 U.S.C. § 254(b) are statutorily mandated. Therefore, defendant could not change, modify, or waive the requirements of that statute. Consequently, where applicable, plaintiff's architect-engineer fees were subject to the statute's 6 percent limitation.

REQUEST FOR ADMISSION NO. 38:

The Office of Inspector General audit reported in Audit Report No. DEN-4613-30001 did not limit application of the 6 percent fee solely to the preparation of plans, drawings and specifications.

RESPONSE:

Defendant objects to this request for admission upon the grounds it is vague and overly broad. Plaintiff does not identify those areas, other than plans, drawings, and specifications, to which the audit report applied the 6 percent limitation upon the fee. Without waiving this objection, defendant denies the request for admission.

REQUEST FOR ADMISSION NO. 39:

During the negotiations that took place on June 12, 1990, the parties agreed that architect-engineer services costs incurred by Plaintiffs under the contract and paid by Defendant did not exceed the 6 percent limitation set forth in 41 U.S.C. § 254(b) and the implementing regulations.

RESPONSE:

Denied. Plaintiff knew, or should have known, that the contract, as properly modified, constituted the complete agreement between the parties. Moreover, the requirements of 41 U.S.C. § 254(b) are statutorily mandated. Therefore, defendant could not change, modify, or waive the requirements of that statute. Consequently, if plaintiff was paid more than the 6 percent for services subject to the statute, plaintiff is liable to defendant for those overpayments.

ROBERT D. MCCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

DONALD E. KINNER
Assistant Director

STEVEN J. ABELSON
Attorney
Commercial Litigation Branch
Department of Justice
Civil Division
Attn: Classification Unit
8th Floor, 1100 L St.,

Washington, D.C. 20530
Tele: (202) 514-4325

Attorneys for Defendant

OF COUNSEL:

FRED KOPATICH
Attorney
Department of Commerce
14th & Constitution Ave., N.W.
Room 5893
N.W.
Washington, D.C. 20230

November 6, 2002

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 6th day of November 2002, I caused to be placed in the United States mail (first class, postage prepaid) copies of "DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS" addressed as follows:

FRANK M. RAPPORT, ESQ.
MCKENNA & CUNEO, L.L.P.
1900 K Street
Washington, D.C. 20006

Ena M. Goddard