Aerospace Industries Association

LeRoy J. Haugh
Vice President
Procurement and Finance
371-8520

May 3, 1991

Ms. Beverly Fayson
General Services Administration
FAR Secretariat
18th and F Streets, N.W., Room 4041
Washington, D.C. 20405

Dear Ms. Fayson:

Industry has identified an inconsistency in defining the basis for determining Architectural-Engineering (A/E) fee limits between the Federal Acquisition Regulation (FAR) and United States Code (U.S.C.). The terms used in FAR 15.903(d)(1)(ii) are more restrictive than the terms in the 10 U.S.C. 2306(d) and 41 U.S.C. 254(b).

10 U.S.C. 2306(d) "The fee for performing a cost-plus-a-fixed-fee contract for architectural or engineering services for a public work or utility plus the cost of those services to the contractor may not be more than <u>6 percent of the estimated cost of that work or project</u>, not including fees."

41 U.S.C. 154(b) "A fee inclusive of the contractor's cost and not in excess of <u>6 per centum</u> of the estimated cost, exclusive of fees, as determined by the agency head at the time of entering into the contract, <u>of the project</u> to which such fee is applicable is authorized in contracts for architectural or engineering services relating to any public works or utility project."

Both 10 U.S.C. 2306(d) and 41 U.S.C. 254(b) are interpreted as basing the limit on fees for A-E Services to six percent of the estimated cost of the project. A reasonable interpretation of "project cost" would be the total estimated cost to the government of the project or the total estimated cost of a particular project

MAY 13 1991

as established by a Contract Line Item. However, the applicable FAR clause, 15.903(d)(ii), provides a much more restrictive description of the basis for determining the limit on Architectural-Engineering Services:

FAR 15.903(d)(ii) For architectural-engineering services for public works or utilities, the contract price or the estimated cost and fee for production and delivery of designs, plans, drawings, and specifications shall not exceed six percent of the estimated cost of construction of the public work or utility, excluding fees.

This FAR clause defined the basis for determining the six percent limit on A-E fees as being the estimated construction cost instead of the estimated project cost as used in 10 U.S.C. 2306(d) and 41 U.S.C. 254(d).

FAR defined the term construction in Part 36, Section 102, Paragraph (d) and includes the cost of construction, alteration or repair of buildings, structures, or other real property, but specifically excludes the furnishing, production, etc., of any kind of personal property from the definition of what composes construction.

Some government interpretations have seized upon this exclusion of personal property from the definition of construction to claim that in some cases, the estimated cost of equipment should be excluded from the basis for determining the six percent limit. Their interpretation is probably derived from the Air Force Regulation (AFR) 78-22 or FAR 45.101, definitions for Real Property which describe Real Property as "Lands, buildings, structures, utility systems, but excludes plant equipment." Plant Equipment is defined by AFR 78-22 and FAR 45.101 as personal property ... used or capable of use in the manufacture of supplies ....

Therefore, if equipment to be procured under a Facilities Contract meets the following criteria, then according to existing regulations, that equipment is considered to be personal property/plant equipment and its estimated cost is to be excluded from the basis for determining the six percent limit for A-E services:

1. Equipment which is not to be attached to and made part of a building or structure.

2. Equipment which is severable and relocatable.

3. Equipment which is to be used or is capable of use for manufacturing purposes.

Existing regulations exclude the estimated cost of plant equipment from the cost basis used in determining the six percent limit on A-E fees.

There has been a reported instance where, prior to A-E award, the government has considered the associated equipment to be plant equipment and therefore excluded the estimated cost from the basis for determining the six percent limit for A-E fees.

This objection occurred during efforts to contract for the design to install an Aluminum Ion Vapor Deposition System. This project was to replace an existing cadmium plating process with an aluminum ion deposition process. This equipment was clearly to be used for a manufacturing process and was therefore considered to be plant equipment.

Questions as to whether equipment costs should be excluded from the basis for determining the six percent limit on A-E fees could be resolved by a revision to FAR 15.903(d)(ii).

The substitution of the words "estimated project cost" in place of "estimated cost of construction" in FAR 15.903(d)(ii), would render irrelevant all questions as to whether a particular piece of equipment should be classified as plant equipment and therefore excluded from the basis for determining the six percent statutory limit. As part of the "project cost," all equipment, regardless of use or classification, would be included in the basis.

If you have any questions or require additional information, we are available at your convenience to discuss this issue.

Sincerely,

LeRoy J. Haugh

pds/pw

MAY 13 1991