**15.813-5 Contract clause.**

The contracting officer shall insert the clause at 52.215-32, Certification of Commercial Pricing, in all solicitations and contracts unless exempted under 15.813-3(a) or (b)(1).

[50 FR 27562, July 3, 1985]

## Subpart 15.9—Profit

**15.900 Scope of subpart.**

This subpart—

(a) Prescribes policies for establishing the profit or fee portion of the Government prenegotiation objective;

(b) Applies to price negotiations based on cost analysis;

(c) Prescribes policies for agencies' development and use of a structured approach for determining the profit or fee prenegotiation objective (see 15.905 for the contents of a structured approach); and

(d) Specifies (1) situations requiring contracting officers to analyze profit and (2) considerations for that analysis.

**15.901 General.**

(a) Profit or fee prenegotiation objectives do not necessarily represent net income to contractors. Rather, they represent that element of the potential total remuneration that contractors *may* receive for contract performance over and above allowable costs. This potential remuneration element and the Government's estimate of allowable costs to be incurred in contract performance together equal the Government's total prenegotiation objective. Just as actual costs may vary from estimated costs, the contractor's actual realized profit or fee may vary from negotiated profit or fee, because of such factors as efficiency of performance, incurrence of costs the Government does not recognize as allowable, and contract type.

(b) It is in the Government's interest to offer contractors opportunities for financial rewards sufficient to (1) stimulate efficient contract performance, (2) attract the best capabilities of qualified large and small business concerns to Government contracts, and (3) maintain a viable industrial base.

(c) Both the Government and contractors should be concerned with profit as a motivator of efficient and effective contract performance. Negotiations aimed merely at reducing prices by reducing profit, without proper recognition of the function of profit, are not in the Government's interest. Negotiation of extremely low profits, use of historical averages, or automatic application of predetermined percentages to total estimated costs do not provide proper motivation for optimum contract performance. With the exception of statutory ceilings in 15.903(d) on profit and fee, agencies shall not (1) establish administrative ceilings or (2) create administrative procedures that could be represented to contractors as de facto ceilings.

**15.902 Policy.**

(a) Structured approaches (see 15.905) for determining profit or fee prenegotiation objectives provide a discipline for ensuring that all relevant factors are considered. Subject to the authorities in 1.301(c), agencies making noncompetitive contract awards over $100,000 totaling $50 million or more a year—

(1) Shall use a structured approach for determining the profit or fee objective in those acquisitions that require cost analysis; and

(2) May prescribe specific exemptions for situations in which mandatory use of a structured approach would be clearly inappropriate.

(b) Agencies may use another agency's structured approach.

**15.903 Contracting officer responsibilities.**

(a) When the price negotiation is not based on cost analysis, contracting officers are not required to analyze profit.

(b) When the price negotiation is based on cost analysis, contracting officers in agencies that have a structured approach shall use it to analyze profit. When not using a structured approach, contracting officers shall comply with 15.905-1 in developing profit or fee prenegotiation objectives.

(c) Contracting officers shall use the Government prenegotiation cost objec-

tive amounts as the basis for calculating the profit or fee prenegotiation objective. Before the allowability of facilities capital cost of money, this cost was included in profits or fees. Therefore, before applying profit or fee factors, the contracting officer shall exclude any facilities capital cost of money included in the cost objective amounts. If the prospective contractor fails to identify or propose facilities capital cost of money in a proposal for a contract that will be subject to the cost principles for contracts with commercial organizations (see Subpart 31.2), facilities capital cost of money will not be an allowable cost in any resulting contract (see 15.904).

(d) (1) The contracting officer shall not negotiate a price or fee that exceeds the following statutory limitations, imposed by 10 U.S.C. 2306(d) and 41 U.S.C. 254(b):

(i) For experimental, developmental, or research work performed under a cost-plus-fixed-fee contract, the fee shall not exceed 15 percent of the contract's estimated cost, excluding fee.

(ii) For architect-engineering services for public works or utilities, the contract price or the estimated cost and fee for production and delivery of designs, plans, drawings, and specifications shall not exceed 6 percent of the estimated cost of construction of the public work or utility, excluding fees.

(iii) For other cost-plus-fixed-fee contracts, the fee shall not exceed 10 percent of the contract's estimated cost, excluding fee.

(2) The limitations in subdivisions (1)(i) and (iii) above shall apply also to the maximum fees on cost-plus-incentive-fee and cost-plus-award-fee contracts. However, a deviation to the maximum-fee limitation for a specific cost-plus-incentive-fee or cost-plus-award-fee contract may be authorized in accordance with Subpart 1.4.

(e) The contracting officer shall not require any prospective contractor to submit details of its profit or fee objective but shall consider them if they are submitted voluntarily.

(f) If a change or modification (1) calls for essentially the same type and mix of work as the basic contract and (2) is of relatively small dollar value compared to the total contract value, the contracting officer may use the basic contract's profit or fee rate as the prenegotiation objective for that change or modification.

[48 FR 42187, Sept. 19, 1983, as amended at 50 FR 23606, June 4, 1985]

### 15.904 Solicitation provision and contract clause.

The contracting officer shall insert the clause at 52.215-30, Facilities Capital Cost of Money, and the clause at 52.215-31, Waiver of Facilities Capital Cost of Money, in solicitations and contracts that are subject to the cost principles for contracts with commercial organizations (see Subpart 31.2). If, however, the contractor elects to claim facilities capital cost of money as an allowable cost in the contractor's proposal, the clause at 52.215-31 is inapplicable in the resulting contract.

### 15.905 Profit-analysis factors.

### 15.905-1 Common factors.

Unless it is clearly inappropriate or not applicable, each factor outlined in paragraphs (a) through (f) following shall be considered by agencies in developing their structured approaches and by contracting officers in analyzing profit whether or not using a structured approach.

(a) *Contractor effort.* This factor measures the complexity of the work and the resources required of the prospective contractor for contract performance. Greater profit opportunity should be provided under contracts requiring a high degree of professional and managerial skill and to prospective contractors whose skills, facilities, and technical assets can be expected to lead to efficient and economical contract performance. Subfactors (1) through (4) following shall be considered in determining contractor effort, but they may be modified in specific situations to accommodate differences in the categories used by prospective contractors for listing costs:

(1) *Material acquisition.* This subfactor measures the managerial and technical effort needed to obtain the required purchased parts and material, subcontracted items, and special tooling. Considerations include (i) the

**16.301-2 Application.**

Cost-reimbursement contracts are suitable for use only when uncertainties involved in contract performance do not permit costs to be estimated with sufficient accuracy to use any type of fixed-price contract.

**16.301-3 Limitations.**

A cost-reimbursement contract may be used only when—

(a) The contractor's accounting system is adequate for determining costs applicable to the contract;

(b) Appropriate Government surveillance during performance will provide reasonable assurance that efficient methods and effective cost controls are used; and

(c) A determination and findings has been executed, in accordance with agency procedures, showing that (1) this contract type is likely to be less costly than any other type or (2) it is impractical to obtain supplies or services of the kind or quality required without the use of this contract type (see 10 U.S.C. 2306(c), 2310(b), and 2311 or 41 U.S.C. 254(b), 257(b), and 257(a)).

(d) See 15.903(d) for statutory limitations on price or fee.

[48 FR 42219, Sept. 19, 1983, as amended at 50 FR 1742, Jan. 11, 1985; 50 FR 52429, Dec. 23, 1985]

**16.302 Cost contracts.**

(a) *Description.* A cost contract is a cost-reimbursement contract in which the contractor receives no fee.

(b) *Application.* A cost contract may be appropriate for research and development work, particularly with nonprofit educational institutions or other nonprofit organizations, and for facilities contracts.

(c) *Limitations.* See 16.301-3.

**16.303 Cost-sharing contracts.**

(a) *Description.* A cost-sharing contract is a cost-reimbursement contract in which the contractor receives no fee and is reimbursed only for an agreed-upon portion of its allowable costs.

(b) *Application.* A cost-sharing contract may be used when the contractor agrees to absorb a portion of the costs, in the expectation of substantial compensating benefits.

(c) *Limitations.* See 16.301-3.

**16.304 Cost-plus-incentive-fee contracts.**

A cost-plus-incentive-fee contract is a cost-reimbursement contract that provides for an initially negotiated fee to be adjusted later by a formula based on the relationship of total allowable costs to total target costs. Cost-plus-incentive-fee contracts are covered in Subpart 16.4, Incentive Contracts. See 16.404-1 for a more complete description and discussion of application of these contracts. See 16.301-3 for limitations.

**16.305 Cost-plus-award-fee contracts.**

A cost-plus-award-fee contract is a cost-reimbursement contract that provides for a fee consisting of (a) a base amount (which may be zero) fixed at inception of the contract and (b) an award amount, based upon a judgmental evaluation by the Government, sufficient to provide motivation for excellence in contract performance. Cost-plus-award-fee contracts are covered in Subpart 16.4, Incentive Contracts. See 16.404-2 for a more complete description and discussion of application of these contracts. See 16.301-3 and 16.404-2(c) for limitations.

**16.306 Cost-plus-fixed-fee contracts.**

(a) *Description.* A cost-plus-fixed-fee contract is a cost-reimbursement contract that provides for payment to the contractor of a negotiated fee that is fixed at the inception of the contract. The fixed fee does not vary with actual cost, but may be adjusted as a result of changes in the work to be performed under the contract. This contract type permits contracting for efforts that might otherwise present too great a risk to contractors, but it provides the contractor only a minimum incentive to control costs.

(b) *Application.* (1) A cost-plus-fixed-fee contract is suitable for use when the conditions of 16.301-2 are present and, for example—

(i) The contract is for the performance of research or preliminary exploration or study, and the level of effort required is unknown; or

(ii) The contract is for development and test, and using a cost-plus- incentive-fee contract is not practical.

(2) A cost-plus-fixed-fee contract normally should not be used in development of major systems (see Part 34) once preliminary exploration, studies, and risk reduction have indicated a high degree of probability that the development is achievable and the Government has established reasonably firm performance objectives and schedules.

(c) *Limitations.* No cost-plus-fixed-fee contract shall be awarded unless—

(1) All limitations in 16.301-3 are complied with; and

(2) The agency head or designee has signed a determination and findings establishing the basis for application of the statutory price or fee limitation (see 15.903(d)).

(d) *Completion and term forms.* A cost-plus-fixed-fee contract may take one of two basic forms—completion or term.

(1) The completion form describes the scope of work by stating a definite goal or target and specifying an end product. This form of contract normally requires the contractor to complete and deliver the specified end product (e.g., a final report of research accomplishing the goal or target) within the estimated cost, if possible, as a condition for payment of the entire fixed fee. However, in the event the work cannot be completed within the estimated cost, the Government may require more effort without increase in fee, provided the Government increases the estimated cost.

(2) The term form describes the scope of work in general terms and obligates the contractor to devote a specified level of effort for a stated time period. Under this form, if the performance is considered satisfactory by the Government, the fixed fee is payable at the expiration of the agreed-upon period, upon contractor certification that the level of effort specified in the contract has been expended in performing the contract work. Renewal for further periods of performance is a new acquisition that involves new cost and fee arrangements.

(3) Because of the differences in obligation assumed by the contractor, the completion form is preferred over the term form whenever the work, or specific milestones for the work, can be defined well enough to permit development of estimates within which the contractor can be expected to complete the work.

(4) The term form shall not be used unless the contractor is obligated by the contract to provide a specific level of effort within a definite time period.

[48 FR 42219, Sept. 19, 1983, as amended at 50 FR 1742, Jan. 11, 1985; 50 FR 52429, Dec. 23, 1985]

**16.307 Contract clauses.**

(a) The contracting officer shall insert the clause at 52.216-7, Allowable Cost and Payment, in solicitations and contracts when a cost-reimbursement contract (other than a facilities contract) is contemplated. If the contract is with an educational institution, modify the clause by deleting from paragraph (a) the words "Subpart 31.2" and substituting for them "Subpart 31.3." If the contract is with a State or local government, modify the clause by deleting from paragraph (a) the words "Subpart 31.2" and substituting for them "Subpart 31.6." If the contract is with a nonprofit organization other than an educational institution, a State or local government, or a nonprofit organization exempted under OMB Circular No. A-122, modify the clause by deleting from paragraph (a) the words "Subpart 31.2" and substituting for them "Subpart 31.7."

(b) The contracting officer shall insert the clause at 52.216-8, Fixed Fee, in solicitations and contracts when a cost-plus-fixed-fee contract (other than a facilities contract or a construction contract) is contemplated.

(c) The contracting officer shall insert the clause at 52.216-9, Fixed-Fee—Construction, in solicitations and contracts when a cost-plus-fixed-fee construction contract is contemplated.

(d) The contracting officer shall insert the clause at 52.216-10, Incentive Fee, in solicitations and contracts when a cost-plus-incentive-fee contract (other than a facilities contract) is contemplated.