C

***1** COMPTROLLER GENERAL WARREN TO THE SECRETARY OF WAR
DECEMBER 18, 1941

****580** FEES - ARCHITECT-ENGINEERS - LIMITATIONS

PAYMENTS ON A COST-PLUS-A-FIXED-FEE BASIS TO ARCHITECT-ENGINEERS UNDER A WAR DEPARTMENT CONTRACT FOR SUCH SERVICES AUTHORIZED BY SECTION 2 OF THE ACT OF AUGUST 7, 1939, MAY NOT EXCEED THE STATUTORY MAXIMUM OF 6 PERCENT OF THE ESTIMATED COST OF THE PROJECT TO WHICH THE SERVICES ARE APPLICABLE, REGARDLESS OF WHETHER SUCH PAYMENTS ARE MADE AS REIMBURSEMENT OF EXPENDITURES OR AS A FIXED FEE, EXCEPT THAT THERE MAY BE EXCLUDED--- WITHIN THE LIMITS SET BY THE CONTRACT--- REIMBURSEMENT OF TRAVELING EXPENSES, EXPENDITURES FOR EXPERT TECHNICAL ASSISTANTS AND SERVICES, AND EXPENDITURES FOR SUCH SUPPLIES AND EQUIPMENT AS THE GOVERNMENT MAY HAVE FAILED TO FURNISH IN ACCORDANCE WITH THE CONTRACT. 20 COMP. GEN. 632, DISTINGUISHED.

THERE HAS BEEN CONSIDERED YOUR LETTER OF SEPTEMBER 16, 1941, AS FOLLOWS:
RECEIPT IS ACKNOWLEDGED OF A LETTER DATED JULY 29, 1941 (A-1WHS-1CE), FROM THE CHIEF, AUDIT DIVISION, GENERAL ACCOUNTING OFFICE, ADDRESSED TO THE DIRECTOR OF PURCHASES AND CONTRACTS, OFFICE OF THE UNDER SECRETARY OF WAR, IN WHICH REFERENCE IS MADE TO VARIOUS CONTRACTS RECEIVED IN THAT OFFICE, ENTERED INTO ON A COST-PLUS-A-FIXED-FEE BASIS UNDER THE PROVISIONS OF THE ACT OF AUGUST 7, 1939 (53 STAT. 1239), THE ACT OF JUNE 13, 1940 (54 STAT. 350), AND THE ACT OF JULY 2, 1940 (54 STAT. 712), COVERING ARCHITECTURAL AND ENGINEERING SERVICES.

IN THAT LETTER THE CHIEF, AUDIT DIVISION, INVITES ATTENTION TO SECTION 2 OF THE ACT OF AUGUST 7, 1939, WHICH RESTRICTS THE FEES OF ARCHITECTS AND ENGINEERS TO A MAXIMUM OF 6 PERCENT OF THE ESTIMATED COST OF THE INVOLVED PROJECT AND STATES THAT THE 'MAXIMUM FEE IS CONSIDERED TO BE INCLUSIVE OF ALL PAYMENTS FOR THE WORK PERFORMED, WHETHER AS REIMBURSEMENT FOR EXPENDITURES OR IN PAYMENT OF ****581** THE FIXED FEE.' HE THEN REQUESTS THAT HIS OFFICE BE ADVISED WHETHER IT HAS BEEN DETERMINED THAT THE COST OF ARCHITECTURAL AND ENGINEERING SERVICES COVERED BY THE VARIOUS CONTRACTS OF THE TYPE REFERRED TO WILL NOT EXCEED THE LIMITATION OF 6 PERCENT OF THE ESTIMATED COST OF THE PROJECTS TO WHICH APPLICABLE.

WITH REFERENCE TO THE REQUEST FOR INFORMATION AS TO THESE COSTS, YOU ARE ADVISED THAT DETAILED INFORMATION AND DATA ARE BEING SECURED FROM ALL BRANCHES OF THE SERVICE CONCERNING OPERATIONS UNDER THE ARCHITECT-ENGINEER CONTRACTS. CONSIDERABLE TIME WILL BE REQUIRED WITHIN WHICH TO ASSEMBLE AND ANALYZE THIS INFORMATION. IT MAY BE STATED THAT FROM A TENTATIVE STUDY MADE BY THE DIRECTOR OF PURCHASES AND CONTRACTS IT APPEARS THAT THE TOTAL FIXED-FEES OF THE VARIOUS CONTRACTS FOR ARCHITECT-ENGINEER SERVICES DURING THE FISCAL (YEAR) 1941, EXCLUSIVE OF REIMBURSEMENT FOR EXPENDITURES, WAS 10.52 PERCENT OF THE TOTAL ESTIMATED COSTS OF THE PROJECTS INVOLVED.

IN THIS CONNECTION THE WAR DEPARTMENT DOES NOT AGREE WITH THE CONCLUSIONS REACHED BY THE CHIEF, AUDIT DIVISION, GENERAL ACCOUNTING OFFICE, THAT THE MAXIMUM FEE IS CONSIDERED TO BE INCLUSIVE OF ALL PAYMENTS FOR THE WORK PERFORMED, WHETHER AS REIMBURSEMENT FOR EXPENDITURES OR IN PAYMENT OF THE FIXED-FEE. THE VIEWS OF THE WAR DEPARTMENT ARE EXPRESSED IN AN OPINION OF THE JUDGE ADVOCATE GENERAL ( JAG 161, SEPT. 4, 1941), A COPY OF WHICH IS ENCLOSED HEREWITH.

***2** THE WAR DEPARTMENT WOULD APPRECIATE YOUR CONSIDERATION OF THE QUESTION INVOLVED AND AN EXPRESSION OF YOUR VIEWS THEREON.

CONTRACT NO. W-6101-QM-147, DATED OCTOBER 7, 1940, WITH FRANK A. BARBOUR, IS TYPICAL OF

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

THE CONTRACTS HERE INVOLVED. UNDER THE TERMS THEREOF THE CONTRACTOR, DESIGNATED AS THE ARCHITECT-ENGINEER, AGREED TO PERFORM ALL THE NECESSARY SERVICES FOR THE PREPARATION OF DESIGNS, DRAWINGS, SPECIFICATIONS, AND TECHNICAL SUPERVISION FOR THE CONSTRUCTION OF A COMPLETE CANTONMENT, INCLUDING NECESSARY BUILDINGS, TEMPORARY STRUCTURES, UTILITIES, AND APPURTENANCES, ETC., AT FORT DEVENS, AYER, MASS. IN ARTICLE I OF THE CONTRACT THE ESTIMATED COST OF THE PROJECT WAS SHOWN AS $8,255,824, AND THE ESTIMATED TIME FOR COMPLETION AS THREE MONTHS.

ARTICLE IV OF THE CONTRACT CONTAINS THE FOLLOWING PROVISIONS:

1. EQUIPMENT AND SERVICES TO BE FURNISHED BY THE GOVERNMENT.--- THE GOVERNMENT SHALL PROVIDE FOR THE USE OF THE ARCHITECT-1ENGINEER'S FIELD ORGANIZATION DURING THE PERIOD COVERED BY THIS CONTRACT, ALL OFFICE AND DRAFTING ROOM SPACE, SUPPLIES, AND FACILITIES NECESSARY FOR THE PROPER PERFORMANCE OF WORK HEREUNDER INCLUDING, BUT NOT RESTRICTED TO, THE FOLLOWING: OFFICE AND DRAFTING ROOM SUPPLIES AND EQUIPMENT, SURVEYING EQUIPMENT, ELECTRICITY, HEATING, OFFICE AND DRAFTING SPACE, TYPEWRITERS, ADDING MACHINES, CALCULATORS, DESKS, FILING CASES AND CHAIRS, AND ALL BLUEPRINTING, DUPLICATING, PHOTOSTATING, TELEPHONE AND TELEGRAPH. THE FOREGOING ARTICLES, EQUIPMENT, OR SERVICES MAY BE FURNISHED AT THE ARCHITECT- ENGINEER'S HOME OFFICE IF APPROVED BY THE CONTRACTING OFFICER.

2. IN THE EVENT ANY OF THE FOREGOING ARTICLES, EQUIPMENT OR SERVICES, OR OTHER ITEMS REQUIRED BUT NOT MENTIONED, ARE NOT FURNISHED PROMPTLY BY THE GOVERNMENT, THE ARCHITECT-ENGINEER, WITH THE APPROVAL OF THE CONTRACTING OFFICER, SHALL PROCURE THE REQUIRED ARTICLES OR SERVICES, AND HE SHALL BE REIMBURSED THEREFOR, ON THE BASIS OF THE ACTUAL COST AS HEREINAFTER PROVIDED IN ARTICLE VI. UPON SUCH REIMBURSEMENT THE TITLE TO SUCH PURCHASED ITEMS SHALL IMMEDIATELY PASS TO THE GOVERNMENT.

IN ARTICLE V OF THE CONTRACT THE ESTIMATED PERIOD OF SERVICE REQUIRED OF THE ARCHITECT-ENGINEER WAS SHOWN AS FOUR MONTHS. ARTICLE VI OF THE CONTRACT PROVIDED THAT THE ARCHITECT-ENGINEER SHOULD BE PAID A FIXED FEE OF $43,620, WHICH SHOULD CONSTITUTE COMPLETE COMPENSATION FOR THE ARCHITECT-ENGINEER'S SERVICES, INCLUDING THE SERVICES OF THE RESIDENT ARCHITECT OR ENGINEER IN DIRECT CHARGE OF THE FIELD OFFICE, AND ALL OVERHEAD EXPENSES EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE ****582** CONTRACT. ARTICLE XII PROVIDED THAT AN EQUITABLE ADJUSTMENT SHOULD BE MADE IN THE FIXED FEE IF THE SCOPE OF THE WORK SHOULD BE MATERIALLY CHANGED, OR IF THE TIME REQUIRED OF THE ARCHITECT- ENGINEER SHOULD BE EXTENDED FOR MORE THAN 30 DAYS BEYOND THE 4-MONTH PERIOD ESTIMATED IN ARTICLE V. ARTICLE VII PROVIDED THAT, UNDER CERTAIN CONDITIONS, THE ARCHITECT-ENGINEER, WITH THE CONSENT AND APPROVAL OF THE CONTRACTING OFFICER, MIGHT EMPLOY SUCH SUPPLEMENTAL PROFESSIONAL SERVICES AS WERE NECESSARY FOR THE PROPER DESIGN AND EXECUTION OF THE PROJECT.

***3** IN ADDITION TO THE FIXED FEE OF $43,620 SPECIFIED IN ARTICLE VI, SAID ARTICLE PROVIDED, UNDER ' THAT THE ARCHITECT-ENGINEER SHOULD BE REIMBURSED FOR THE FOLLOWING EXPENDITURES:

(1) ACTUAL SALARIES OR WAGES PAID TO PRINCIPAL ASSISTANT ENGINEERS, ENGINEERS, ARCHITECTS AND OTHER TECHNICAL, ADMINISTRATIVE AND FIELD EMPLOYEES OF THE ARCHITECT-1ENGINEER DIRECTLY ENGAGED ON THE WORK INCLUDING THOSE IN BOTH HIS HOME AND FIELD OFFICE.

(2) IN CASE THE FULL TIME OF ANY EMPLOYEE OF THE ARCHITECT-1ENGINEER IS NOT APPLIED TO THE WORK HEREUNDER, THE SALARIES OR WAGES OF SUCH EMPLOYEES SHALL BE INCLUDED IN THIS ITEM ONLY IN PROPORTION TO THE ACTUAL TIME APPLIED THERETO.

(3) REIMBURSEMENT UNDER THIS ARTICLE SHALL INCLUDE EXPENDITURES DIRECTLY CHARGEABLE TO THE SERVICES AND WORK ORDERED UNDER THE TERMS OF THIS CONTRACT AT THE ARCHITECT-ENGINEER'S HOME AND FIELD OFFICES.

(4) THE ACTUAL COST OF EXPENDITURES MADE BY THE ARCHITECT-1ENGINEER UNDER THE PROVISIONS OF ARTICLE IV AND ARTICLE VII OF THIS CONTRACT, SUBJECT TO THE PROVISIONS OF PARAGRAPH B (2) ABOVE.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

(5) TRAVEL.--- IF THE ARCHITECT-1ENGINEER AND/OR HIS REPRESENTATIVES SHALL BE REQUIRED TO TRAVEL, THE GOVERNMENT WILL REIMBURSE THE ARCHITECT-1ENGINEER FOR THE TRANSPORTATION, INCLUDING PULLMAN WHERE NECESSARY, AND WILL ALLOW THE TRAVELER SIX DOLLARS ($6.00) PER DAY IN LIEU OF ALL OTHER EXPENSES. ALL AUTHORIZATIONS FOR TRAVEL MUST BE APPLIED FOR IN WRITING AND APPROVED BY THE CONTRACTING OFFICER. SHOULD THE ARCHITECT-1ENGINEER, OR ANY REPRESENTATIVE THEREOF, REMAIN IN A TRAVEL STATUS IN EXCESS OF SIX (6) DAYS AT ANY ONE TIME, NOT INCLUDING THE TIME CONSUMED IN TRAVEL, THE COST FOR SUCH EXCESS TRAVEL STATUS SHALL BE AT THE EXPENSE OF THE ARCHITECT-1ENGINEER, UNLESS OTHERWISE ORDERED IN WRITING BY THE CONTRACTING OFFICER?

AUTHORIZED TRAVEL BY AUTOMOBILE SHALL BE REIMBURSED AT THE RATE OF FIVE CENTS (0.05) PER MILE AS REPRESENTING THE ACTUAL COST OF SUCH TRAVEL.

(6) PAYMENTS FROM HIS OWN FUNDS MADE BY THE ARCHITECT-1ENGINEER UNDER THE FEDERAL SOCIAL SECURITY ACT, AND ANY APPLICABLE STATE OR LOCAL TAXES, FEES OR CHARGES WHICH THE ARCHITECT-1ENGINEER MAY BE REQUIRED TO PAY FROM HIS OWN FUNDS ON ACCOUNT OF THIS CONTRACT; AND, IF APPROVED IN WRITING BY THE CONTRACTING OFFICER IN ADVANCE, PERMITS AND LICENSE FEES, AND ROYALTIES ON PATENTS.

(7) COSTS OF SUCH BONDS AND INSURANCE POLICIES AND PREMIUMS THEREON AS THE CONTRACTING OFFICER MAY REQUIRE FOR THE PROTECTION OF THE GOVERNMENT AND MAY APPROVE AS REASONABLY NECESSARY FOR THE PROTECTION OF THE ARCHITECT- 1ENGINEER.

(8) SUCH OTHER ITEMS AS SHOULD, IN THE OPINION OF THE CONTRACTING OFFICER, BE INCLUDED IN THE COST OF THE SERVICES AND WORK, PROVIDED THAT WHEN SUCH ITEMS ARE ALLOWED BY THE CONTRACTING OFFICER, THEY SHALL BE SPECIFICALLY CERTIFIED AS BEING ALLOWED UNDER THIS PARAGRAPH.

THE ACT OF AUGUST 7, 1939, 53 STAT. 1239, INSOFAR AS HERE MATERIAL PROVIDES:

THAT TO ENABLE THE SECRETARY OF WAR TO ACCOMPLISH WITHOUT DELAY OR EXCESSIVE COST THOSE PUBLIC/WORKS PROJECTS FOR WHICH APPROPRIATIONS ARE AVAILABLE OR MAY BECOME AVAILABLE, TO BE LOCATED IN ALASKA AND THE PANAMA CANAL ZONE, HE IS HEREBY AUTHORIZED TO ENTER INTO CONTRACTS UPON A COST-PLUS-A-FIXED-FEE BASIS AFTER SUCH NEGOTIATIONS AS HE MAY AUTHORIZE AND APPROVE AND WITHOUT ADVERTISING FOR PROPOSALS WITH REFERENCE THERETO. APPROVAL BY THE PRESIDENT SHALL BE NECESSARY TO THE VALIDITY OF ANY CONTRACT ENTERED INTO UNDER AUTHORITY ****583** OF THIS SECTION. THE FIXED FEE TO BE PAID THE CONTRACTOR AS A RESULT OF ANY CONTRACT ENTERED INTO UNDER AUTHORITY OF THIS SECTION SHALL BE DETERMINED AT OR BEFORE THE TIME SUCH CONTRACT IS MADE, AND SHALL BE SET FORTH IN SUCH CONTRACT. SUCH FEE SHALL NOT EXCEED 10 PERCENTUM OF THE ESTIMATED COST OF THE CONTRACT, EXCLUSIVE OF THE FEE, AS DETERMINED BY THE SECRETARY OF WAR. CHANGES IN THE AMOUNT OF THE FEE SHALL BE MADE ONLY UPON MATERIAL CHANGES IN THE SCOPE OF THE WORK CONCERNED AS DETERMINED BY THE SECRETARY OF WAR WHOSE DETERMINATION SHALL BE CONCLUSIVE.

* * * * * * *

***4** SEC. 2. WHENEVER DEEMED BY HIM TO BE ADVANTAGEOUS TO THE NATIONAL DEFENSE, AND PROVIDING THAT IN THE OPINION OF THE SECRETARY OF WAR THE EXISTING FACILITIES OF THE WAR DEPARTMENT ARE INADEQUATE, THE SECRETARY OF WAR IS HEREBY AUTHORIZED TO EMPLOY, BY CONTRACT OR OTHERWISE, OUTSIDE ARCHITECTURAL OR ENGINEERING CORPORATIONS, FIRMS, OR INDIVIDUALS FOR THE PRODUCTION AND DELIVERY OF THE DESIGNS, PLANS, DRAWINGS, AND SPECIFICATIONS REQUIRED FOR THE ACCOMPLISHMENT OF ANY PUBLIC WORKS OR UTILITIES PROJECT OF THE WAR DEPARTMENT WITHOUT REFERENCE TO THE CLASSIFICATION ACT OF 1923 (42 STAT. 1488), AS AMENDED (5 U.S.C., CH. 13), OR TO SECTION 3709 OF THE REVISED STATUTES OF THE UNITED STATES (41 U.S.C. 5). IN NO CASE SHALL THE FEE PAID FOR ANY SERVICE AUTHORIZED BY THIS SECTION EXCEED 6 PERCENTUM OF THE ESTIMATED COST, AS DETERMINED BY THE SECRETARY OF WAR, OF THE PROJECT TO WHICH SUCH FEE IS APPLICABLE.

THE COPY OF THE OPINION ( JAG 161, SEPTEMBER 4, 1941) OF THE JUDGE ADVOCATE GENERAL, WHICH WAS TRANSMITTED WITH YOUR LETTER, IS, IN PERTINENT PART, AS FOLLOWS:

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

5. SECTION 1 OF THE ACT OF AUGUST 7, 1939 ( PUBLIC, NO. 309, 76TH CONG.), AUTHORIZES THE SECRETARY OF WAR TO ENTER INTO COST-PLUS-A-FIXED-FEE CONTRACTS FOR THE CONSTRUCTION OF CERTAIN PUBLIC WORKS UPON A FEE NOT TO EXCEED 10 PERCENTUM OF THE ESTIMATED COST OF THE PROJECT. SECTION 2 OF THE SAME STATUTE AUTHORIZES THE SECRETARY OF WAR, WHEN DEEMED ADVANTAGEOUS BY HIM, TO ENGAGE THE SERVICES OF ARCHITECTS AND ENGINEERS BY CONTRACT OR OTHERWISE, AND STATES THAT THE FEE PAID SHALL NOT EXCEED '6 PERCENTUM OF THE ESTIMATED COST, AS DETERMINED BY THE SECRETARY OF WAR, OF THE PROJECT TO WHICH SUCH FEE IS APPLICABLE.' BY THE SAME ACT CONGRESS HAS LIMITED THE CONTRACTOR'S FEE FOR CONSTRUCTION WORK TO 10 PERCENTUM OF THE ESTIMATED COST OF THE PROJECT AND DIRECTED THAT HE BE COMPLETELY REIMBURSED FOR ALL INCIDENTAL COSTS AND EXPENSES, AND THEN AUTHORIZED THE SECRETARY OF WAR TO ENGAGE THE SERVICES OF ARCHITECTS AND ENGINEERS WITH THE BASIS OF COMPENSATION OR FEE FIXED AT A MAXIMUM OF 6 PERCENTUM OF THE ESTIMATED COST OF THE PROJECT INVOLVED. OBVIOUSLY, CONGRESS COULD NOT HAVE INTENDED TO ALLOW A CONSTRUCTION CONTRACTOR REIMBURSEMENT OF COSTS AND EXPENSES AND FIX HIS MAXIMUM FEE AT 10 PERCENTUM OF THE ESTIMATED COST, AND THEN, IN THE SAME STATUTE, COMPEL AN ARCHITECT OR ENGINEER TO ABSORB ALL OF HIS INCIDENTAL COSTS AND EXPENSES WITHIN HIS MAXIMUM FEE OF ONLY 6 PERCENTUM. NEITHER CAN IT BE IMAGINED THAT THE CONGRESS WOULD HAVE USED THE WORD 'FEE' TWICE IN THE SAME STATUTE, INTENDING THAT IT SHOULD HAVE A DIFFERENT MEANING IN SECTION 2 THAN IT HAS IN SECTION 1, WITHOUT USING MORE SPECIFIC LANGUAGE TO SHOW THAT INTENT THAN THE WORDS 'FIXED FEE' IN THE ONE CASE AND 'FEE' IN THE OTHER. THIS STATUTE ALONE IS CLEARLY INDICATIVE OF CONGRESSIONAL INTENTION THAT IN ADDITION TO THEIR PROFESSIONAL FEES, ARCHITECTS AND ENGINEERS ARE TO BE REIMBURSED FOR INCIDENTAL COSTS AND EXPENSES IN PERFORMING THE SERVICES.

6. IN THIS CONNECTION, A RECENT STATEMENT OF THE COMPTROLLER GENERAL IN HIS DISCUSSION OF COST-PLUS-A-FIXED-FEE CONSTRUCTION CONTRACTS IS RELEVANT:

***5** 'READING THESE PROVISIONS TOGETHER SHOWS THAT THE CONTRACT BASICALLY CONTEMPLATES THAT THE ACTUAL COST OF THE WHOLE WORK AND THE RISK THEREOF ARE TO BE ASSUMED BY THE GOVERNMENT; THAT IS, THAT THE CONTRACTOR IS TO COME OUT WHOLE, REGARDLESS OF CONTINGENCIES, IN PERFORMING THE WORK IN ACCORDANCE WITH THE CONTRACT AND THE DIRECTIONS AND INSTRUCTIONS OF THE CONTRACTING OFFICER, PLUS ONLY A LIMITED FIXED FEE AS COMPENSATION FOR SERVICES, GENERAL OVERHEAD, USE OF THE CONTRACTOR'S OWN OR BORROWED MONEY, AND PROFIT * * * ' (20 COMP. GEN. 632, 636, APRIL 14, 1941).

THE COMPTROLLER GENERAL IN A DECISION (B-18974) DATED AUGUST 16, 1941, AFTER HOLDING THAT LOSSES SUSTAINED BY COST-PLUS-A-FIXED-FEE CONTRACTORS, OCCASIONED ****584** BY NEGLIGENCE OF THEIR OWN EMPLOYEES ARE REIMBURSABLE ITEMS, REITERATES THE ABOVE EXPRESSED PRINCIPLE.

THE SAME PRINCIPLE MUST BE APPLICABLE TO COST-PLUS-A-FIXED-FEE CONTRACTS WITH ARCHITECT-ENGINEERS IF CONSISTENCY OF LEGAL INTERPRETATION AND OPERATION IS TO BE MAINTAINED. NO SOUND REASON EXISTS FOR DIFFERENTIATING BETWEEN A CONSTRUCTION CONTRACTOR AND AN ARCHITECT-ENGINEER CONTRACTOR IN THE MATTER OF REIMBURSABLE COSTS. THE CONSTRUCTION CONTRACTOR IN REGARD TO HIS FIXED FEE, IS IN THE IDENTICAL LEGAL STATUS AS THE PROFESSIONAL MAN. AS TO BOTH OF THEM, THE FIXED FEE IS TO COVER 'COMPENSATION FOR SERVICES, GENERAL OVERHEAD, USE OF THE CONTRACTOR'S OWN OR BORROWED MONEY, AND PROFIT.'

7. THE RELATIONSHIP BETWEEN THE GOVERNMENT AND ARCHITECTS AND ENGINEERS MAKES IT SELF-EVIDENT THAT THE FEE AUTHORIZED BY CONGRESS TO BE PAID THEM WAS NOT INTENDED TO INCLUDE COSTS AND EXPENSES ARISING IN CONNECTION WITH OR INCIDENT TO THEIR WORK. THESE ARCHITECTS AND ENGINEERS RENDER PROFESSIONAL SERVICES, AND IT WAS SO UNDERSTOOD BY CONGRESS WHEN CONSIDERING PERTINENT LEGISLATION (SEE REPORT NO. 263 OF COMMITTEE OF NAVAL AFFAIRS ( SENATE), DATED APRIL 13, 1939; REPORT NO. 667 OF COMMITTEE ON MILITARY AFFAIRS ( SENATE), DATED JUNE 26 (LEGISLATIVE DAY, JUNE 22, 1939; REPORT NO. 76 OF COMMITTEE OF THE WHOLE HOUSE, DATED FEBRUARY 17, 1939; AND REPORT NO. 1312 OF COMMITTEE OF THE WHOLE HOUSE DATED JULY 25, 1939.)

IT IS COMMON KNOWLEDGE THAT WHEN THE SERVICES OF PROFESSIONAL MEN ARE ENGAGED, THE CLIENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

OR PATIENT MAKES HIS OWN ARRANGEMENTS WITH THE LAWYER, THE ENGINEER, OR THE DOCTOR, NOT ONLY AS TO THE AMOUNT AND TIME OF PAYMENT OF THE PROFESSIONAL FEE, BUT ALSO AS TO WHEN AND BY WHOM COSTS AND EXPENSES INCIDENT TO THE SERVICE WILL BE PAID. IN PRIVATE UNDERTAKINGS SUCH ARRANGEMENTS ARE IN FACT EQUIVALENT TO 'COST-PLUS-A-FIXED-FEE' CONTRACT. THE SECRETARY OF WAR CERTAINLY IS NOT INHIBITED BY THE STATUTES FROM RECOGNIZING SUCH USUAL AND ORDINARY PROFESSIONAL CUSTOM AND PRACTICE.

MANIFESTLY, NO ARCHITECT OR ENGINEER WOULD ASSUME THE PAYMENT OF THE INCIDENTAL EXPENSES UNLESS HIS FEE WAS SUFFICIENT TO AFFORD LIBERAL PROTECTION FROM UNFORESEEN AS WELL AS FORESEEN EXPENSES. IN MOST CASES WHEN SUCH A CONTRACT IS WRITTEN THE PARTIES CANNOT DETERMINE IN ADVANCE, WITH ANY DEGREE OF ACCURACY, THE OVER-ALL COSTS. SHOULD THE RESPONSIBILITY FOR ALL INCIDENTAL COSTS BE SHIFTED TO THE ARCHITECT-ENGINEER HE MUST OF NECESSITY 'LOAD' HIS CHARGES IN ORDER TO SAFEGUARD HIMSELF AGAINST UNFORESEEN CONTINGENCIES. IN TURN, SUCH PRACTICE WOULD NECESSARILY RESULT IN INCREASED CHARGES AGAINST THE GOVERNMENT.

***6** 8. THE ACT OF AUGUST 7, 1939 ( PUBLIC NO. 309, 76TH CONG.) DECLARES THAT 'IN NO CASE SHALL THE FEE PAID FOR ANY SERVICE AUTHORIZED BY THIS SECTION EXCEED 6 PERCENTUM OF THE ESTIMATED COST, * * *.' ( ITALICS SUPPLIED.) THE WORD 'FEE' HAS BEEN CONSTRUED BY THE COURTS AS DESCRIBING THE COMPENSATION PAID TO PROFESSIONAL MEN, AND DOES NOT, IN THE ABSENCE OF OTHER FACTS OR CIRCUMSTANCES, CARRY ANY IMPLICATION THAT IT REPRESENTS, IN WHOLE OR IN PART, REIMBURSEMENT FOR EXPENDITURES, MADE BY THE PAYEE, OR THE RETURN OF MONEY ADVANCED BY THE PAYEE ON BEHALF OF THE PAYOR. NEITHER DOES IT IMPLY AN INDEMNIFICATION OF THE PAYEE, BUT RATHER A RECOMPENSE TO THE PAYEE FOR SERVICES RENDERED TO THE PAYOR.

THE CLEAR DISTINCTION BETWEEN FEES AND COSTS IS EXPRESSED BY BOUVIER AS FOLLOWS:

'FEES DIFFER FROM COSTS IN THIS, THAT THE FORMER ARE, AS ABOVE MENTIONED, A RECOMPENSE TO THE OFFICER FOR HIS SERVICES; AND THE LATTER, AN INDEMNIFICATION TO THE PARTY FOR MONEY LAID OUT AND EXPENDED IN HIS SUIT.'

'IN NO CASE EXCEPT BY A DISTORTION OF TERMS CAN THE WORD BE APPLIED TO THE DISCHARGE OF A PECUNIARY LIABILITY OR THE PURCHASE PRICE OF GOODS OR EVEN TO A BOARD BILL. WEBSTER DEFINES THE WORD 'SERVICE' AS USED IN THIS CONNECTION AS FOLLOWS: 'ACT OF SERVING; THE OCCUPATION OF A SERVANT; THE PERFORMANCE OF LABOR FOR THE BENEFIT OF ANOTHER, OR AT ANOTHER'S COMMAND' ( STATE V. PRICE (246 S.W. ( MO.) 572) ).

IT SEEMS LOGICAL TO CONCLUDE THAT CONGRESS USED THE WORD 'FEE' IN THE CONTROLLING STATUTES IN ITS ORDINARILY ACCEPTED LEGAL MEANING AND THEREBY INTENDED TO APPLY THE 6 PERCENT LIMITATION ONLY TO THE COMPENSATION TO BE PAID THE ARCHITECTS AND ENGINEERS FOR PROFESSIONAL SERVICES RENDERED AND DID NOT INTEND THAT SUCH CEILING SHOULD COVER THE REIMBURSABLE CHARGES.

9. THIS OFFICE, THEREFORE, CANNOT CONCUR IN THE INTERPRETATION OF THE AUDIT DIVISION, GENERAL ACCOUNTING OFFICE, SET FORTH IN THE BASIC COMMUNICATION, BUT ON THE CONTRARY IS OF THE OPINION THAT THE 6 PERCENTUM LIMITATION IN THE ACT OF AUGUST 7, 1939, HAS NO REFERENCE TO THE REIMBURSEMENTS OF EXPENDITURES UNDER COST-PLUS-A-FIXED-FEE CONTRACTS, BUT ONLY TO THE PROFESSIONAL FEE TO BE PAID THE ARCHITECT-ENGINEER.

****585** IT IS APPARENT THAT WHEN THE FEE OF AN ARCHITECT OR ENGINEER IS BASED UPON A PERCENTAGE OF THE COST OF A PROJECT, THE WORD 'FEE' MAY HAVE DIFFERENT MEANINGS, DEPENDING UPON THE FORM OF THE CONTRACT UNDER WHICH THE FEE IS TO BE PAID. HENCE, IN APPLYING THE SIX-PERCENT LIMITATION IMPOSED UPON THE FEE PAYABLE UNDER CONTRACTS AUTHORIZED BY SECTION 2 OF THE ABOVE-QUOTED ACT OF AUGUST 7, 1939, IT IS NECESSARY TO DETERMINE WHETHER THE CONGRESS CONTEMPLATED THE USE OF A COST-PLUS-A-FIXED-FEE CONTRACT UNDER WHICH THE ARCHITECT-ENGINEER WOULD BE REIMBURSED FOR HIS COSTS AND EXPENSES AND WOULD RECEIVE, IN ADDITION, A 'FEE' AS COMPENSATION FOR HIS SERVICES, OR A PERCENTAGE-FEE CONTRACT UNDER WHICH THE 'FEE' PAID TO THE ARCHITECT-ENGINEER WOULD COVER NOT ONLY HIS COMPENSATION BUT,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

ALSO, HIS COSTS AND EXPENSES IN RENDERING SUCH CUSTOMARY ARCHITECTURAL OR ENGINEERING SERVICES AS ARE AUTHORIZED BY THE AFORESAID SECTION, VIZ., THE 'PRODUCTION AND DELIVERY OF THE DESIGNS, PLANS, DRAWINGS, AND SPECIFICATIONS' REQUIRED FOR A PARTICULAR PROJECT.

***7** SECTION 2 OF THE ACT OF AUGUST 7, 1939, SUPRA, CONTAINS NO INDICATION AS TO THE TYPE OF CONTRACT CONTEMPLATED BY THE SIX-PERCENT LIMITATION. WHILE SECTION 1 OF THE ACT RELATES TO COST-PLUS-A-FIXED-FEE CONTRACTS, THERE IS NO DIRECT CONNECTION BETWEEN THE PROVISIONS OF THE TWO SECTIONS WHICH WOULD SERVE TO INDICATE THAT SECTION 2, ALSO, WAS INTENDED TO RELATE TO COST-PLUS-A-FIXED- FEE CONTRACTS. SINCE IT IS CLEAR THAT THE TERM 'FIXED FEE' WAS USED ADVISEDLY IN SECTION 1, WHICH RELATES TO COST-PLUS-A-FIXED-FEE CONTRACTS, IT WOULD SEEM THAT THE WORD 'FEE' WAS EQUALLY WELL CHOSEN IN SECTION 2, WHICH CONTAINS NO REFERENCE TO SUCH CONTRACTS. IT IS NOT TO BE PRESUMED THAT THE CONGRESS USED THE WORD 'FEE' IN SECTION 2 WHEN THE TERM 'FIXED FEE' WAS INTENDED, PARTICULARLY SINCE REFERENCE TO SECTION 1 SHOWS THAT THE USE OF THE LATTER TERM IS WELL UNDERSTOOD. AS THE JUDGE ADVOCATE GENERAL SUGGESTS, THERE IS A CONSIDERABLE DISCREPANCY BETWEEN THE LIMITATIONS PROVIDED IN THE TWO SECTIONS IF THE ARCHITECT OR ENGINEER IS REQUIRED TO ABSORB HIS COSTS AND EXPENSES IN A FEE LIMITED TO SIX PERCENT OF THE ESTIMATED COST OF THE PROJECT, WHILE THE CONSTRUCTION CONTRACTOR MAY RECEIVE A FIXED FEE OF TEN PERCENT OF SUCH ESTIMATED COST, IN ADDITION TO REIMBURSEMENT FOR HIS COSTS AND EXPENSES. HOWEVER, THE DISCREPANCY IS APPARENT RATHER THAN REAL, SINCE BOTH FEES ARE BASED UPON THE ESTIMATED COST OF THE PROJECT WORK TO BE PERFORMED BY THE CONSTRUCTION CONTRACTOR, WHEREAS THE COMPARISON WOULD BE PROPER ONLY IF THE ARCHITECT-ENGINEER'S PERCENTAGE WERE BASED UPON THE ESTIMATED COST OF THE PLANS AND SPECIFICATIONS TO BE PRODUCED AND DELIVERED BY HIM.

IN THE HEARINGS BEFORE THE SENATE COMMITTEE ON MILITARY AFFAIRS ON THE BILL (S. 2562, 76TH ONG., ST SESS.) WHICH LATER BECAME THE ACT OF AUGUST 7, 1939, SUPRA, COLONEL HARTMAN, ON BEHALF OF THE WAR DEPARTMENT, MADE THE FOLLOWING STATEMENT (P. 13):

IT WILL BE NOTED THAT IN THE BILL THE MAXIMUM FEE IS SET AT 6 PERCENT OF THE ESTIMATED COST OF THE PROJECT. THIS WOULD BE AN ABSOLUTE MAXIMUM AND IS NOT ****586** INTENDED TO SET A STANDARD. THE FEES PAID FOR ARCHITECTURAL AND ENGINEERING SERVICES ON WORKS SIMILAR TO THOSE CONTEMPLATED BY THE WAR DEPARTMENT VARY FROM 4 TO 6 PERCENT. THERE IS NO DANGER THAT THE WAR DEPARTMENT WILL PAY EXORBITANT FEES FOR THIS WORK AS DEFINITE STANDARDS HAVE BEEN ESTABLISHED BY THE AMERICAN INSTITUTE OF ARCHITECTS, THE AMERICAN SOCIETY OF CIVIL ENGINEERS, AND OTHER REPUTABLE PROFESSIONAL SOCIETIES.

SINCE THE FIXED FEES SPECIFIED IN THE CONTRACTS HERE INVOLVED RANGE FROM 10.44 PERCENT UP TO 1 PERCENT OF THE ESTIMATED COST OF THE PROJECTS INVOLVED, AND SINCE YOUR LETTER INDICATES THAT THE AVERAGE OF THE FIXED FEES SPECIFIED UNDER SUCH CONTRACTS DURING THE FISCAL YEAR 1941 WAS 10.52 PERCENT, IT SEEMS UNLIKELY THAT COLONEL HARTMAN SHOULD HAVE BEEN REFERRING TO FIXED FEES UNDER COST-PLUS- A-FIXED-FEE CONTRACTS WHEN HE SPOKE OF FEES VARYING 'FROM 4 TO 6 PERCENT.' IT WOULD SEEM, RATHER, THAT HIS STATEMENT HAD REFERENCE TO PERCENTAGE-FEE CONTRACTS, UNDER WHICH THE ARCHITECT OR ENGINEER WOULD BE EXPECTED TO ABSORB HIS COSTS AND EXPENSES IN THE SPECIFIED FEE, AND I HAVE BEEN REFERRED TO NOTHING IN THE LEGISLATIVE HISTORY EITHER OF THE ACT OF AUGUST 7, 1939, OR THE ACT OF APRIL 25, 1939, 53 STAT. 590, GRANTING LIKE AUTHORITY TO THE NAVY DEPARTMENT WITH RESPECT TO THE MAKING OF CONTRACTS FOR ARCHITECTURAL OR ENGINEERING SERVICES, WHICH WOULD SUPPORT A CONTRARY VIEW.

***8** AS POINTED OUT IN THE JUDGE ADVOCATE GENERAL'S OPINION, SECTION 2 OF THE ACT OF AUGUST 7, 1939, AUTHORIZES THE EMPLOYMENT OF ARCHITECTS, ETC., 'BY CONTRACT OR OTHERWISE,' WITHOUT LIMITATION UPON THE FORM OR THE SUBSTANCE OF THE CONTRACTS THUS AUTHORIZED. HOWEVER, IT DOES NOT FOLLOW THAT THE CONGRESS, IN FIXING THE PERCENTAGE FOR THE MAXIMUM FEE FOR SUCH EMPLOYMENTS, CONTEMPLATED THE USE OF COST-PLUS-A-FIXED-FEE CONTRACTS UNDER THIS SECTION, SIMPLY BECAUSE THE SECTION DOES NOT INHIBIT THEM. AT THE DATE OF PASSAGE OF THE ACT OF AUGUST 7, 1939, THE COST-PLUS-A-FIXED-FEE FORM OF CONTRACT WAS NOT GENERALLY EMPLOYED BY THE WAR DEPARTMENT IN CONTRACTS FOR ANY TYPE OF SERVICES, NOR IS IT UNDERSTOOD

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

THAT SUCH A FORM OF CONTRACT USUALLY WAS EMPLOYED EITHER BY THE GOVERNMENT DEPARTMENTS OR BY PRIVATE BUILDERS IN OBTAINING SERVICES OF THE TYPE HERE INVOLVED. THE AMERICAN INSTITUTE OF ARCHITECTS, IN A.I.A. DOCUMENT NO. 299D, MAY 15, 1941, STATES:

THE MOST USUAL FORM OF ARCHITECT'S FEE IS THE PERCENTAGE FEE FORM, WHEREUNDER THE ARCHITECT IS PAID AN AGREED PERCENTAGE OF THE TOTAL COST OF THE PROJECT.

SUMMARIZING, I FIND NOTHING IN THE ACT OF AUGUST 7, 1939, OR IN THE LEGISLATIVE HISTORY OF THAT ACT, OR IN THE GENERAL PRACTICE OBTAINING WITH RESPECT TO GOVERNMENT OR PRIVATE CONTRACTS FOR ARCHITECTURAL OR ENGINEERING SERVICES WHICH SERVES TO ESTABLISH THAT THE SIX-PERCENT LIMITATION IMPOSED ON THE FEES PAYABLE UNDER CONTRACTS AUTHORIZED BY SECTION 2 OF THE ACT WAS INTENDED TO RELATE TO FIXED FEES UNDER COST-PLUS-A-FIXED-FEE CONTRACTS. ON THE CONTRARY, AN EXAMINATION OF EACH OF THE FACTORS WHICH IT IS PERMISSIBLE TO CONSIDER IN AID OF STATUTORY ****587** CONSTRUCTION DISCLOSES MANY INDICATIONS THAT THE CONGRESS, IN IMPOSING THE LIMITATION, CONTEMPLATED THAT THE FEE WHICH WAS LIMITED TO SIX PERCENT SHOULD INCLUDE EVERYTHING ORDINARILY COVERED BY THE FEE IN PERCENTAGE-FEE CONTRACTS FOR SERVICES OF THE TYPE HERE INVOLVED.

THE JUDGE ADVOCATE GENERAL'S OPINION REFERS TO MY DECISION OF APRIL 14, 1941, 20 COMP. GEN. 632, TO THE EFFECT THAT THE COST-PLUS-A-FIXED-FEE CONTRACT THERE UNDER CONSIDERATION CONTEMPLATED THAT THE GOVERNMENT WOULD BEAR THE COST AND ASSUME THE RISK INVOLVED IN PERFORMING THE CONTRACT WORK, BUT THAT THE CONTRACTOR WAS TO COME OUT WHOLE, REGARDLESS OF CONTINGENCIES. IT IS OBVIOUS, HOWEVER, THAT ANY GENERAL THEORIES UNDERLYING COST-PLUS-A-FIXED-FEE CONTRACTS MUST YIELD TO LIMITATIONS SPECIFICALLY IMPOSED BY THE CONGRESS ON CONTRACTS FOR SERVICES OF THE TYPE HERE IN QUESTION, NOTWITHSTANDING THAT THE CONTRACTS HERE INVOLVED WERE MADE UPON A COST-PLUS-A-FIXED-FEE BASIS. CONSEQUENTLY, I BELIEVE IT WAS THE INTENT OF THE LIMITATION THAT THE ARCHITECT-ENGINEERS WERE NOT TO BE PAID IN EXCESS OF SIX PERCENT OF THE ESTIMATED COST OF THE PROJECT ON ACCOUNT OF ALL ITEMS WHICH NORMALLY ARE INCLUDED IN THE 'FEE' PAID UNDER PERCENTAGE-FEE CONTRACTS FOR ARCHITECTURAL OR ENGINEERING SERVICES.

WHILE, AS STATED ABOVE, THE FEE PAID UNDER A PERCENTAGE-FEE CONTRACT FOR SERVICES OF THE TYPE HERE INVOLVED INCLUDES THE COSTS AND EXPENSES INCURRED IN THE PERFORMANCE OF THE SERVICES, SUCH FEE DOES NOT ORDINARILY INCLUDE TRAVEL EXPENSES INCURRED BY THE ARCHITECT, OR EXPENSES WHICH MAY BE INCURRED IN EMPLOYING EXPERT TECHNICAL OR PROFESSIONAL CONSULTANTS. SEE A.I.A. DOCUMENT NO. 299D, SUPRA. FURTHER, IT IS CUSTOMARY FOR GOVERNMENT CONTRACTS FOR ARCHITECTURAL SERVICES TO PROVIDE THAT THE ARCHITECT SHALL BE REIMBURSED, IN ADDITION TO HIS FEE, FOR EXPENSES INCURRED IN THE PERFORMANCE OF TRAVEL AND IN THE EMPLOYING OF CONSULTANTS. IT WOULD APPEAR, THEREFORE, THAT THE WORD 'FEE, ' AS HERE USED, SHOULD NOT COVER EXPENSES SO INCURRED. LIKEWISE, IT WOULD APPEAR THAT THE WORD 'FEE' AS USED IN THE LIMITATION SHOULD NOT BE INTERPRETED AS COVERING EXPENSES INCURRED BY THE ARCHITECT-ENGINEER IN SUPPLYING THE ITEMS THE GOVERNMENT, UNDER PARAGRAPH 1 OF ARTICLE IV OF THE CONTRACT, AGREED TO FURNISH. IN THIS CONNECTION, IT IS NOTED THAT PARAGRAPH 1 OF ARTICLE II OF THE CONTRACT REQUIRED THAT THE ARCHITECT-ENGINEER ESTABLISH AND MAINTAIN A FIELD OFFICE AT THE SITE OF THE WORK AND, SINCE THE FACILITIES AT THE SITE FOR ESTABLISHING AND MAINTAINING SUCH AN OFFICE PRESUMABLY WERE WHOLLY WITHIN THE CONTROL OF THE GOVERNMENT, IT DOES NOT APPEAR THAT THE CONTRACT REQUIREMENTS IN THIS RESPECT WERE SUCH AS NORMALLY WOULD BE INCLUDED IN THE FEE PAYABLE UNDER AN ORDINARY ARCHITECTURAL OR ENGINEERING CONTRACT. IT IS NOTED, ALSO, THAT THE MAJOR ITEMS OF EQUIPMENT AND SUPPLIES TO BE FURNISHED UNDER PARAGRAPH 1 OF ARTICLE IV WOULD REMAIN THE PROPERTY OF THE GOVERNMENT; OR, IF SUCH ITEMS WERE NOT FURNISHED BY THE GOVERNMENT AND THE ARCHITECT-ENGINEER WAS REQUIRED TO PROCURE THEM AND ****588** SEEK REIMBURSEMENT UNDER PARAGRAPH 2 OF ARTICLE IV, TITLE TO SUCH ITEMS IMMEDIATELY WOULD PASS TO THE GOVERNMENT UNDER THE TERMS OF SAID PARAGRAPH.

***9** ACCORDINGLY, I AM CONSTRAINED TO HOLD THAT, UNDER THE LIMITATION IMPOSED BY SECTION 2

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

OF THE ACT OF AUGUST 7, 1939, PAYMENTS TO ARCHITECT-ENGINEERS EMPLOYED UNDER CONTRACTS AUTHORIZED BY THAT SECTION MAY NOT EXCEED SIX PERCENT OF THE ESTIMATED COST OF THE PROJECT, REGARDLESS OF WHETHER SUCH PAYMENTS ARE MADE AS REIMBURSEMENT OF EXPENDITURES OR AS A FIXED FEE; EXCEPT THAT IN DETERMINING WHETHER THE SIX-PERCENT LIMITATION HAS BEEN EXCEEDED, THE FOLLOWING SHOULD BE EXCLUDED FROM THE COMPUTATION: (1) PAYMENTS MADE UNDER THE PROVISIONS OF ARTICLE VI B (5) AS REIMBURSEMENT OF TRAVEL EXPENSES; (2) PAYMENTS MADE UNDER ARTICLE VI B (4) AS REIMBURSEMENT OF EXPENDITURES FOR SUCH EXPERT TECHNICAL ASSISTANTS AND SERVICES AS THE ARCHITECT-ENGINEER MAY EMPLOY UNDER THE TERMS OF ARTICLE VII; AND (3) PAYMENTS UNDER ARTICLE VI B (4) AS REIMBURSEMENT OF EXPENDITURES INCURRED BY THE ARCHITECT-ENGINEER UNDER PARAGRAPH 2 OF ARTICLE IV IN PROCURING SUCH SUPPLIES AND EQUIPMENT AS THE GOVERNMENT MAY HAVE FAILED TO FURNISH IN ACCORDANCE WITH ITS AGREEMENT UNDER PARAGRAPH 1 OF SAID ARTICLE.

AUDIT ACTION BY THIS OFFICE IN CONNECTION WITH PAYMENTS MADE UNDER THE ARCHITECT-ENGINEER CONTRACTS HERE INVOLVED WILL BE IN ACCORDANCE WITH THE FOREGOING.

21 Comp. Gen. 580, 1941 WL 925 (Comp.Gen.), B- 18,126

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works