IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FLUOR ENTERPRISES, INC.<br>f/k/a FLUOR DANIEL, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 00-207C<br>(Judge Block) |

**PROPOSED FINDINGS OF UNCONTROVERTED FACT**

The uncontroverted facts material to Plaintiff's Motion for Summary Judgment are, at minimum, the following:

1. FDI's contract was a professional services contract, only a minor portion of which required FDI to perform A&E services. See App. 1, CO's Price & Cost Analysis, G004709; App. 2, CO's Memorandum for the Record, G004708.[1]

2. FDI's contract was a level of effort contract and contains FAR Clause 52.232-22 -- Limitation of Funds required by the FAR when the government contemplates use of an incrementally funded contract. See Complaint App. 9, Definitized Contract, § B.2, pp. 4-5, § B.6, p. 7.

3. Neither the contracting officer's Memorandum of Negotiation, Price and Cost Analysis, nor Negotiation Plan analyzed the costs of the A&E services proposed under the contract by comparing them to an estimate of project costs. See App. 4, 2/13/87 Memorandum of Negotiation, G007398; App. 1, CO's Price and Cost Analysis, G004709; App. 5, CO's

[1] All references to "App." in this document refer to the appendix attached to Plaintiff's Memorandum in Support of Summary Judgment filed with the Court on January 12, 2004. References to "Complaint App." refer to the appendix attached to Plaintiff's Complaint.

Negotiation Plan, G004734.

4. The contract between the parties did not address either the applicability of the six percent limitation or, if applicable, the manner in which the limitation would be applied to A&E services performed under the contract. See App. 10, Summ. of CO's Analysis, FDCO 1805; App. 17, D's Resp. to Req. for Admis. No. 21, p. 21.

5. The agency head did not perform an estimate of costs of the project by the agency head prior to award of the contract. See App. 3, D's Suppl. Resp. to Req. for Admis. Nos. 1, 4, 18, pp. 1-1a, 4-4a, 18.

6. Neither the letter contract, nor the definitized contract, contained an estimate of project costs. See id.

7. Because of the way NOAA implemented the WFO program, the agency could not estimate the costs of the project prior to award of the contract because estimation of construction costs was itself a requirement of FDI's contract performance. See App. 11, D's Resp. to Interog. No. 9, pp. 9-9b; App. 17, D's Resp. to Req. for Admis. No. 1, p. 1.

8. FDI delivered, and the agency accepted, FDI's work during the course of the contract and did not object to FDI's costs on grounds that the reimbursement of such costs or a portion thereof would violate 41 U.S.C. § 254(b) prior to the OIG audit that occurred after expiration of the contract. See App. 17, D's Resp. to Req. for Admis. Nos. 30, 32, pp. 30, 32.

9. The contracting officer's 1999 Final Decision adopted an approach to applying the statute that used the 1992 WFO Facilities Budget created by FDI during contract performance rather than an estimate of construction costs created by the head of the agency prior to contract award. See App. 10, Summ. of CO's Analysis, FDCO 1805.

10. The project at the time of entering into the contract included construction of over 100

WFOs. See App. 3, D's Supp. Resp. to P's Req. for Admis. No. 1, p. 1.

11. The contracting officer's Final Decision included, in the estimated cost of the project, only a portion of the WFOs contemplated by the contract. See Complaint App. 1, CO's Final Decision, App. II pp. 17-18; App. 10, Summ. of CO's Analysis FDCO 1810-11.

Respectfully submitted,

s/*Frank M. Rapoport*

FRANK M. RAPOPORT
STEPHEN E. RUSCUS
DAVID M. GLYNN
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, DC 20006
(202)496-7500

Attorneys for Plaintiff,
Fluor Enterprises, Inc.

Date: January 16, 2004