IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FLOOR ENTERPRISES, INC.<br>f/k/a FLUOR DANIEL, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 00-207C<br>(Judge Block) |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests an enlargement of time of 32 days to, and including, March 15, 2004, within which to file defendant's opposition to plaintiff's motion for summary judgment and supporting memorandum and defendant's cross-motion for summary judgment. Defendant's opposition and cross-motion are currently due on February 12, 2004. This is defendant's first request for an enlargement of time for this purpose. Prior to filing this motion, defendant's counsel contacted plaintiff's counsel who advised that plaintiff did not object to the granting of this motion.

Shortly after plaintiff's motion was filed, a copy of the motion was sent to agency counsel so that he could provide his (1) comments upon plaintiff's motion; and (2) suggestions for defendant's cross-motion for summary judgment. These comments and suggestions are especially important because agency counsel has considerable personal knowledge of the facts, circumstances, and relevant documents in this case.

Unfortunately, agency counsel's elderly mother, who lives in California, has been ailing. As a result, on or about January 23, 2004, agency counsel had to travel to California to be with his mother. He did not return to his office until February 2, 2004. Moreover, on January 13, 2004, defendant's counsel began official travel to Dayton, Ohio to prepare for the taking of a deposition in Northrop Grumman, Inc. v. United States, No. 96-760C (Fed. Cl.), and did not return to his office until January 16, 2004. On January 24, 2004, defendant's counsel began personal travel to Phoenix, Arizona. On January 27, 2004, defendant's counsel began official travel to Los Angeles, California to take the deposition in Northrop Grumman, Inc. v. United States, and did not return to his office until February 4, 2004.

Based upon all of the above, both agency counsel and defendant's counsel have been away from their offices for a significant portion of the period of time defendant has, pursuant to the RCFC, to file its opposition and cross-motion. As a result, defendant, despite counsels' best efforts, is unable to file defendant's opposition to plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment on or before February 12, 2004.

It is currently anticipated that, within the next two weeks, defendant's counsel will receive agency counsel's comments and

suggestions. Accordingly, time will be necessary for defendant's counsel to (1) review the comments and suggestions with agency counsel; (2) incorporate the comments and suggestions into defendant's opposition and cross-motion; (2) confer with agency counsel; (3) put defendant's opposition and cross-motion into final form; and (4) file defendant's opposition and cross-motion with the Court.

On February 24, 2004, defendant's counsel begins official travel to Los Angeles for the purpose of taking another deposition in Northrop Grumman, Inc. v. United States, and will not return to his office until March 1, 2004. Moreover, defendant's counsel is also responsible for (1) drafting and filing a formal brief in Gibb v. Department of the Treasury, No. 03-3274 (Fed. Cir.); (2) possibly having to draft and file informal briefs in Neal v. Department of Justice, No. 04-3093 (Fed. Cir.), and Scott v. Department of the Army, No. 04-3063 (Fed. Cir.); and (3) handling other matters concerning his caseload

For all of these reasons, defendant believes its request for 32 additional days is reasonable and necessary for defendant to file its opposition to plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment with the Court.

Accordingly, defendant respectfully requests that the Court grant this unopposed motion for enlargement of time to, and including, March 15, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Steven J. Abelson
STEVEN J. ABELSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 514-4325

Attorneys for Defendant

OF COUNSEL:

FRED KOPATICH
Attorney
Office of the General Counsel
Department of Commerce
14th & Constitution Ave, N.W.
Room 5893
Washington, D.C. 20230

February 9, 2004

CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2004, the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven J. Abelson