IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FLUOR ENTERPRISES, INC.<br>f/k/a FLUOR DANIEL, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 00-207C<br>(Judge Block) |

DEFENDANT'S RESPONSES TO PLAINTIFF'S
PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims, ("RCFC)the Government provides the following responses to "Plaintiff's Proposed Findings Of Uncontroverted Fact":

1. Fluor Daniels, Inc.'s ("FDI") contract was a professional services contract, only a minor portion of which required FDI to perform A&E services. See App. 1, CO's Price & Cost Analysis, G004709; App. 2, CO's Memorandum for the Record, G004708.

Defendant's Response:

Defendant agrees that the contract in question was for professional services. However, Fluor's statement that "only a minor portion" of Contract No. 50WCNA606099 required Fluor to perform architectural and engineering (A&E) services is not a statement of fact, but merely Fluor's characterization of its case. The facts are that, pursuant to the contract, Fluor was paid a total of $42,531,626. The contracting officer determined

that of that total amount, $5,551,549, or approximately 13 percent of the total amount paid, was subject to the six percent statutory maximum imposed by 41 U.S.C. § 254(b). Def. App. 3, 12.[1/] Moreover, Congress statutorily mandated the six percent limitation. Thus, it is totally irrelevant whether the fees to which the limitation applied were either major or minor. FDI is liable to the Government for any payment that the Government made to FDI that was in excess of the statutorily mandated limitation.

[1/] "Def. App.___" refers to defendant's appendix filed with our brief.

2. FDI's contract was a level of effort contract and contains FAR Clause 52.232-22 --Limitation of Funds required by the FAR when the government contemplates use of an incrementally funded contract. See Complaint App. 9, Definitized Contract, § B.2, pp. 4-5, § B.6, p. 7.

Defendant Response:

The type of contract awarded to Fluor, the clauses that are required to be in that contract, and Fluor's interpretation of of the contract and the Federal Acquisition Regulations, are issues of law rather than a finding of fact and, therefore, should not be included in Fluor's proposed findings of uncontroverted fact. E.g., Textron Defense Systems v. Widnall, 143 F.3d 1465, 1468 (Fed. Cir. 1998). Nevertheless, the Government does not disagree with the statements contained in this proposed finding of fact. However, the issue before the Court is whether the six percent limitation that is imposed by 41 U.S.C. § 254(b) upon the fees that can be charged for A&E services is applicable to the contract. Therefore, the proposed finding of fact is irrelevant.

3. Neither the contracting officer's Memorandum of Negotiation, Price and Cost Analysis, nor Negotiation Plan analyzed the costs of the A&E services proposed under the contract by comparing them to an estimate of project costs. See Pl. App. 4, 2/13/87 Memorandum of Negotiation, G007398; Pl. App. 1, CO's Price and Cost Analysis, G004709; Pl. App. 5, CO's Negotiation Plan, G004734.

Defendant's Response:

Because Fluor presents its interpretation of what it believes is contained in the cited documents, this proposed finding concerns an issue of law rather than a finding of fact and, therefore, should not be included in Fluor's proposed findings of uncontroverted fact. E.g., Textron Defense Systems v. Widnall, 143 F.3d at 1468. Nevertheless, the Government does not disagree with the statements contained in this proposed finding. However, the sole issue before the Court, at this time, is whether the statutorily mandated six percent limitation imposed by 41 U.S.C. § 254(b) upon the fees that can be paid for A&E services is applicable to the contract.

4. The contract between the parties did not address either the applicability of the six percent limitation or, if applicable, the manner in which the limitation would be applied to A&E services performed under the contract. See Pl. App. 10, Summ. of CO's Analysis, FDCO 1805; App. 17, D's Resp. to Req. for Admis. No. 21, p. 21.

Defendant's Response:

Because Fluor is presenting its interpretation of the contract, this proposed finding alleges an issue of law rather than a finding of fact and, therefore, should not be included in Fluor's proposed findings of uncontroverted fact. E.g., Textron Defense Systems v. Widnall, 143 F.3d at 1468. Nevertheless, the Government does not disagree with the statements contained in this proposed finding. However, this proposed finding of fact is irrelevant to the issue currently before the Court because:

a. The limitation on allowable fees for A&E services is required by Federal statute and, therefore, it does not matter that the contract neither included a clause incorporating, nor made reference to 41 U.S.C. § 254(b); and

b. Fluor knew at the time of award, and during its performance of the contract, that the six percent fee limitation imposed by 41 U.S.C. § 254(b) upon the fees for A&E services was

applicable to the contract and Fluor monitored compliance with the fee limitation. Def. App. 53-56, 59-72.

5. The agency head did not perform an estimate of costs of the project by the agency head prior to award of the contract. See App. 3, D's Suppl. Resp. to Req. for Admis. Nos. 1, 4, 18, pp. 1-1a, 4-4a, 18.

Defendant's Response:

Admits. However, pursuant to the contract, Fluor was required to provide the estimated construction cost for each Weather Forecast Office ("WFO"). Therefore, pursuant to 41 U.S.C. § 254(b), the fee that Fluor was paid for the A&E services that Fluor provided could not exceed six percent of the estimated construction cost of that particular WFO.

6. Neither the letter contract, nor the definitized contract, contained an estimate of project costs. See id.

Defendant's Response:

Because Fluor is presenting its interpretation of the contract, this proposed finding alleges an issue of law rather than a finding of fact and, therefore, should not be included in Fluor's proposed findings of uncontroverted fact. E.g., Textron Defense Systems v. Widnall, 143 F.3d at 1468. Nevertheless, the Government does not disagree with the statements contained in this proposed finding. However, see our response to Fluor's proposed findings of uncontroverted fact no. 5.

7. Because of the way NOAA implemented the WFO program, the agency could not estimate the costs of the project prior to award of the contract because estimation of construction costs was itself a requirement of FDI's contract performance. See App. 11, D's Resp. to Interog. No. 9, pp. 9-9b; App. 17, D's Resp. to Req. for Admis. No. 1, p. 1.

Defendant's Response:

Because Fluor is presenting its interpretation of the contract, this proposed finding of fact is an issue of law, rather than a finding of fact, and should not be included in Fluor's proposed findings of uncontroverted fact. E.g., Textron Defense Systems v. Widnall, 143 F.3d at 1468. Nevertheless the Government does not disagree with the statements contained in this proposed finding. However, see our response to Fluor’s proposed finding of uncontroverted fact no. 5.

8. FDI delivered, and the agency accepted, FDI's work during the course of the contract and did not object to FDI's costs on grounds that the reimbursement of such costs or a portion thereof would violate 41 U.S.C. § 254(b) prior to the OIG audit that occurred after expiration of the contract. See Pl. App. 17, D's Resp. to Req. for Admis. Nos. 30, 32, pp. 30, 32.

Defendant's Response:

Admits that Fluor delivered, and the Government accepted, Fluor's work during the course of the contract. However, Fluor in submitting invoices to the Government for payment of A&E services, Fluor asserted that it was complying with the statutory limitation upon payment for such services. Def. App. 67. When Fluor completed its performance of the contract, the contracting officer determined, as a result of a review of Fluor's invoices and labor records, that the payments for A&E services that were subject to the six percent limitation imposed by 41 U.S.C. § 254(b) exceeded the maximum allowable by the statute. Def. App. 6-12. Moreover, the fact that Fluor submitted invoices that exceeded, and the Government paid Fluor in excess of, the six percent limitation upon payment of fees, inclusive of costs incurred, imposed by 41 U.S.C. § 254(b), does not constitute a

waiver of the limitation that is statutorily mandated upon the fees for A&E services.

9. The contracting officer's 1999 Final Decision adopted an approach to applying the statute that used the 1992 WFO Facilities Budget created by FDI during contract performance rather than an estimate of construction costs created by the head of the agency prior to contract award. See Pl. App. 10, Summ. of CO's Analysis, FDCO 1805.

Defendant's Response:

Because Fluor is presenting its interpretation of the contracting officer's final decision, this proposed finding concerns an issue of law rather than a finding of fact and, therefore, should not be included in Fluor's proposed findings of uncontroverted fact. E.g., Textron Defense Systems v. Widnall, 143 F.3d at 1468. Nevertheless, defendant does not disagree with the statements contained in the proposed finding.

10. The project at the time of entering into the contract included construction of over 100 WFOs. See Pl. App. 3, D's Supp. Resp. to P's Req. for Admis. No. 1, p. 1.

Defendant's Response:

Admits.

11. The contracting officer's final decision included, in the estimated cost of the project, only a portion of the WFOs contemplated by the contract. See Compl. App. 1, CO's Final Decision, Pl. App. II pp. 17-18; Pl. App. 10, Summ. of CO's Analysis FDCO 1810-11.

Defendant's Response:

Because this proposed finding of fact presents Fluor's interpretation of the contracting officer's final decision, it concerns an issue of law rather than a finding of fact and, therefore, should not be included in Fluor's proposed findings of uncontroverted fact. E.g., Textron Defense Systems v. Widnall, 143 F.3d at 1468. Moreover, the Government disagrees with the proposed finding upon the ground that it is inaccurate. The contracting officer's final decision addressed the costs of all Weather Forecast Offices for which Fluor, pursuant to the contract, performed A&E services that were subject to the six percent limitation upon fees, inclusive of costs, imposed by 41 U.S.C. § 254(b). Def. App. 8-12.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Steven J. Abelson
STEVEN J. ABELSON

OF COUNSEL:

s/Steven J. Abelson
STEVEN J. ABELSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 514-4325

Attorneys for Defendant

OF COUNSEL:

FRED KOPATICH
Attorney
Office of the General Counsel
Department of Commerce
14th & Constitution Ave, N.W.
Room 5893
Washington, D.C. 20230

April 12, 2004

CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2004, the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven J. Abelson