IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FLUOR ENTERPRISES, INC<br>f/k/a FLUOR DANIEL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 00-207C<br>(Judge Block) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSES TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims, ("RCFC") Plaintiff provides the following reply to "Defendant's Response to Plaintiff's Proposed Findings Of Uncontroverted Fact":

Defendant disputed only Plaintiff's Proposed Findings of Uncontroverted Fact No. 11 ("PPFF") in its response. For all others, Defendant agreed as to the stated facts but attempted to characterize Plaintiff's proposed finding of fact as conclusions of law. The rules provide that when a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials of an adverse party's pleading and, rather, must set forth specific facts showing that there is a genuine issue for trial. RCFC 56(e). As such, Defendant's characterization of Plaintiff's proposed findings as conclusions of law fails to create any disputed issue of material fact. Defendant has failed to meet its burden under RCFC 56(e) and it is up to the Court to determine whether these are questions of fact or law. See e.g., Exxon Research and Eng'g Co. v. United States, 265 F.3d 1371, 1376 (Fed. Cir. 2001).

As to PPFF No. 11, Plaintiff's proposed finding provided:

> The contracting officer's final decision included, in the estimated cost of the project, only a portion of the WFOs contemplated by

> the contract. See Compl. App. 1, CO's Final Decision, Pl. App. II pp. 17-18; P1. App. 10, Summ of CO's Analysis FDCO 1810-11.

Defendant responded:

> Because this proposed finding of fact presents Fluor's interpretation of the contracting officer's final decision, it concerns an issue of law rather than a finding of fact and, therefore, should not be included in Fluor's proposed findings of uncontroverted fact. E.g., Textron Defense Systems v. Widnall, 143 F.3d at 1468. Moreover, the Government disagrees with the proposed finding upon the ground that it is inaccurate. The contracting officer's final decision addressed the costs of all Weather Forecast Offices for which Fluor, pursuant to the contract, performed A&E services that were subject to the six percent limitation upon fees, inclusive of costs, imposed by 41 U.S.C. § 254(b). Def. App. 8-12.

Defendant's dispute of this proposed finding as "inaccurate" because the Final Decision addressed the costs of "all" WFOs on which Fluor performed work does not create a disputed issue of material fact. The alleged dispute, such as it is, is one of semantics and not of fact.

Plaintiff's proposed finding is that in calculating whether Plaintiff complied with the alleged six percent limitation, the Contracting Officer included a full estimate of construction costs for only 42 of the more than 100 WFOs contemplated at the time that the parties entered the contract, and a partial estimate of construction costs for an additional 12 WFOs. This, Defendant does not, and cannot, dispute. The Contracting Officer's Final Decision explicitly states that the "denominator" in her calculation of the fee limitation includes a full estimate of construction costs for only 42 WFOs, and a partial estimate of construction costs for an additional 12 WFOs. See Compl. App 1, at App. II, pp. 17-18; Pl.'s App. 10, at FDCO 1810-11. Defendant admits that the project at the time of entering into the contract included construction of over 100 WFOs. See Def.'s Resp. to Pl.'s Proposed Finding No. 10.

Read quickly, Defendant's response appears to state that the Contracting Officer included an estimate of construction costs of "all" WFOs. However, on closer inspection, Defendant is

simply explaining that the reason that fewer than 100 WFOs were included is because the Contracting Officer included costs only for WFOs as to which she believed Plaintiff performed the type of A&E services to which she believed the fee limitation applied. Accordingly, there is no disputed issue of material fact.

Whether or not the Contracting Officer was correct in including a smaller number of WFOs in her calculation is purely a legal question, which is currently before the Court in Plaintiff's Motion for Summary Judgment. It is solely a question of statutory interpretation and, because there is no dispute as to any material fact, it is appropriate for summary judgment.

Respectfully submitted,

s/*Frank M. Rapoport*

FRANK M. RAPOPORT
STEPHEN E. RUSCUS
DAVID M. GLYNN
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500
Attorneys for Plaintiff,
Fluor Enterprises, Inc.

May 10, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2004, the foregoing "PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/*Frank M. Rapoport*