IN THE UNITED STATES COURT OF FEDERAL CLAIMS
FLUOR ENTERPRISES, INC.
f/k/a FLUOR DANIEL, INC.,

(Plaintiff,) No. 00-207C

v. (Judge Block)

THE UNITED STATES,

(Defendant.)

Declaration of James Wagner

I, James Wagner, do hereby declare under penalty of perjury under the laws of the United States that:

1. I have personal knowledge of the facts stated herein as a result of having acted as Project Controls Manager for Fluor Daniel, Inc. ("the Company") on Contract No. 50WCNA606099 with NOAA ("the Contract).

2. As Fluor's Project Controls Manager, I was personally involved in preparing Fluor Daniel's task orders for the NOAA contract. As well as, tracking and reporting costs against the NOAA agreed Work Breakdown Structure. In this capacity I was required to be fully aware of Fluor Daniel's contractual obligations and deliverables.

3. With regard to the six percent limitation set out in 41 U.S.C. 254(b), it has never been the Company's position that the statute applied or was applicable to the Contract which was a level of effort professional services contract with NOAA. A&E services were a minor part of the Contract. In addition, because of the manner in which NOAA was implementing the program, it could not estimate costs of the project at the time the parties entered the contract. At contract inception, both parties agreed at that time that the statute did not apply to the Contract.

4. In my capacity as Project Controls Manager, while not directly responsible for all communications with the government's representatives, I was fully aware and was consulted in communications with the government's representatives including the Contracting Officer (CO) and the Contracting Officer's Technical Representative (COTR).

3. I am not aware of any representative of Fluor Daniel ever communicating, and I myself did not communicate, to a representative of the government the belief that the six percent limitation, applicable to contracts for architect and engineering services, applied to the NOAA contract prior to 1990.

4. I recall that sometime in 1990, prior to the issuance of Task Order No. 4, I, along with other representatives of Fluor Daniel, met with representatives of the government, including the contracting officer, to discuss whether Fluor Daniel's costs up to that point were in compliance with the six percent limitation that the Inspector General believed was applicable, and to discuss whether Fluor Daniel's costs going forward from that point would fall within such a limitation. In this meeting, neither the Company nor its

representatives communicated to the government any belief that the statutory limitation applied to the Contract. Subsequent to the meeting, the Company tracked costs consistent with the agreement of the parties at the meeting to make sure that, even if the statute applied, the Company's costs and fee would fall within the limitation.

I, James Wagner, pursuant to 28 U.S.C. 1746, declare that the above statements are true and correct to the best of my knowledge.

James A. Wagner　　　6 May '04
Date