IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FLUOR ENTERPRISES, INC. f/k/a FLUOR DANIEL, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-207C (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests an enlargement of time of 29 days, to and including, June 25, 2004, within which to file defendant's reply to plaintiff's response to defendant's motion for summary judgment and supporting memorandum. Defendant's reply is currently due on May 27, 2004. This is defendant's first request for an enlargement of time for this purpose. Prior to filing this motion, defendant's counsel contacted plaintiff's counsel who advised that plaintiff did not object to the granting of this motion.

Plaintiff's response was served upon defendant on May 10, 2004. However, beginning May 11, 2004, defendant's counsel was in training for the entire day and, on May 12, 2004, he began official travel to Dayton, Ohio, to prepare for a deposition in Northrop Grumman, Inc. v. United States, No. 96-760C (Fed. Cl.). He did not return to his office until May 17, 2003.

Defendant's counsel is also responsible for (1) preparing a settlement memorandum in J.E. McAmis, Inc. v. United States, No.

02-62C (Fed. Cl.); (2) preparing a settlement memorandum in Gibb v. Department of the Treasury, No. 03-3274 (Fed. Cir.); and (3) handling other matters concerning his caseload. Moreover, beginning May 25, 2004, defendant's counsel begins official travel to Los Angeles, California, to take a deposition in Northrop Grumman, Inc. v. United States. Further, due to his mother-in-law's recent illness, defendant's counsel, beginning May 28, 2004, will be in Phoenix, Arizona and will not return to his office until June 7, 2004. Consequently, defendant is unable to file its reply brief on or before May 27, 2004.

Time is necessary for defendant's counsel to (1) review plaintiff's response; (2) confer with agency counsel concerning our reply brief; (3) draft defendant's reply brief; and (4) file defendant's reply brief with the Court. Also, during June 2004, defendant's counsel expects to be on official travel to (1) Dayton, Ohio, to prepare for another deposition in Northrop Grumman, Inc. v. United States; and (2) New Orleans, Louisiana, for settlement negotiations in Bobbitt, et al. v. United States, No. 02-762C (Fed. Cl.). Defendant's counsel is also responsible for (1) drafting and filing a formal brief in Murakami v. United States, No. 04-5050 (Fed. Cir.); (2) drafting and filing a response to a an application for attorney fees filed in Abcon Associates, Inc. v. United States, No. 98-547; (3) drafting and filing a joint preliminary status report and initial disclosures

in Vanderpool, et al. v. United States, No. 04-93C (Fed. Cl.); and (4) handling other matters concerning his caseload.

For all of these reasons, we presently anticipate that defendant requires 29 additional days to our reply brief. Therefore, defendant respectfully requests that the Court grant this motion for an enlargement of time to, and including, June 25, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Steven J. Abelson
STEVEN J. ABELSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 514-4325

Attorneys for Defendant

OF COUNSEL:

FRED KOPATICH
Attorney
Office of the General Counsel
Department of Commerce
14th & Constitution Ave, N.W.
Room 5893
Washington, D.C. 20230

May 20, 2004

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May 2004, the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven J. Abelson