IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FLUOR ENTERPRISES, INC. f/k/a FLUOR DANIEL, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-207C (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56 (h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant submits its reply to plaintiff's response to defendant's proposed findings of uncontroverted fact. Defendant limits our replies to those responses that require comment or with which we disagree. Defendant replies as follows:

1. Defendant accepts plaintiff's clarification that NOAA and the National Weather Service are Congressionally-created entities.

5. Although plaintiff's response does not dispute the fact that pursuant to the Request for Proposals ("RFP"), plaintiff was to provide architectural and engineering (A&E) services, the remainder of plaintiff's response is a characterization of plaintiff's case and does not dispute the proposed finding of fact. Further, it is undisputed that, pursuant to Contract No. 50WCNA606099 ("the contract"), plaintiff was paid in excess of $5.5 million for site-specific A&E design services. App. 2.[1/]

[1/] "App___" refers to defendant's appendix filed with defendant's cross-motion for summary judgment.

10. Plaintiff's response, while not disputing the proposed finding of fact, is a characterization of plaintiff's case. Further, it is undisputed that, pursuant to the contract's statement of work, Fluor provided services relating to each of the work categories reflected in the proposed finding of fact. App. 2

11. Disagree. The contract was subject to the Federal Acquisition Regulations ("FAR"), which provides, in pertinent part that:

> For architect-engineer services for public works or utilities, the contract price or the estimated cost and fee for production and delivery of designs, plans, drawings, and specifications shall not exceed 6 percent of the estimated cost of construction of the public work or utility, excluding fees.

48 C.F.R. § 15.404-4(c)(4)(i)(B) (2003).[2/] The fees asserted in this proposed finding of fact represents what plaintiff was paid for the "production and delivery of designs, plans, drawings, and specifications." Id.

12. Disagree. Plaintiff's response is merely a characterization of its case. Plaintiff (1) understood that the statutory limitation upon A&E services applied to the provisions of the contract that required plaintiff to produce and deliver designs, plans, drawings, and specifications; (2) communicated this understanding to defendant; and (3) during performance of

[2/] Prior to 1998, which would encompass the period of performance of the contract, this exact language was found at FAR § 15.903(d)(1)(ii). See, 48 C.F.R. § 15.903(d)(1)(ii) (1997); Compl. ¶ 56.

the contract, tracked costs to ensure plaintiff was in compliance with the statute. App. 53-56, 59-73.

15. Defendant agrees with plaintiff's response concerning subsection (a). As to plaintiff's response to subsection (b), plaintiff’s own representations and contract documentation confirm that Fluor took steps to ensure specifically tracked whether it was in compliance with the 41 U.S.C. § 254(b). Indeed, plaintiff acknowledged (1) that plaintiff had informed defendant that, as early as May 1988, plaintiff had submitted data that reflected the fee limitation, App. 71; and (2) that in early 1990, plaintiff took steps to attempt to comply with the fee limitation for task order 4. App. 67. Further, in 1991, plaintiff’s project manager instructed plaintiff's employees that, in accordance with the contract, plaintiff was required to produce the "detailed TF specific design within a budget of 6% of the facility construction costs." App. 65. Therefore, plaintiff's assertion that plaintiff did not understand that statute was applicable to the contract is contradicted by the unambiguous, contemporaneous position of plaintiff during contract performance.

16. Plaintiff's response, while not disputing our proposed finding of fact, is a characterization of plaintiff's case. Concerning plaintiff's reference to its response to no. 15, see our reply to no. 15.

17. See defendant's response to plaintiff's reply to defendant's proposed findings nos. 15 and 16.

18. The document described in the proposed finding of fact speaks for itself. The document clearly demonstrates Fluor's understanding that the six percent fee limitation would be applied to services provided pursuant to the contract. This understanding was in complete accord with Fluor's contemporaneous interpretation of the contract. For example, the document specifically states that: "In the Spring of 1990, NOAA and FDI elected to formalize their understanding and practice as to how the statutory fee had been and would continue to be applied." App. 67 (emphasis supplied). See also defendant's reply No. 15 above.

19. The document speaks for itself and clearly states that, in plaintiff's estimation, the statutory fee had been applied during contract performance and "would continue to be applied." App. 67, see also App. 60, 66-73. See also defendant's replies No. 15-18 above.

20. Defendant agrees that the parties did not enter into a contract modification, as described. However, plaintiff's own documentation reflects that plaintiff "agreed" that the six percent limitation applied to the contract. App. 66-73. Moreover, although the question of the applicability of 41 U.S.C. § 254(b) to the contract may be a question of law, it is plaintiff who has raised the factual issue as to what plaintiff knew during the performance of the contract. Therefore, it is incumbent upon defendant to respond to such allegations with facts that contradict plaintiff's assertions.

21. The document referred to in the proposed finding speaks for itself and shows, unequivocally, that Fluor's project manager acknowledged the applicability of the statute to services provided pursuant to the contract. App. 65. Moreover, as reflected in our replies to several of plaintiff's responses, plaintiff's position paper establishes that plaintiff knew or, at least, should have known that the statutory limitation was applicable to certain portions of the contract. App. 66-73.

24. It appears that plaintiff agrees with defendant that the third contract was for the completion of the WFO program. Defendant is unaware of where any ambiguity exists.

28. Plaintiff does not dispute its authorship of the "Position Paper." As to the remainder of plaintiff's comments, plaintiff expressly acknowledged, unqualifiedly, that the six percent limitation to the contract had been, and would continue to be, applicable to the contract. App. 67, 71-72. See also defendant's replies no. 15-21 above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Steven J. Abelson
STEVEN J. ABELSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 514-4325

Attorneys for Defendant

OF COUNSEL:
FRED KOPATICH
Attorney
Office of the General Counsel
Department of Commerce
14th & Constitution Ave, N.W.
Room 5893
Washington, D.C. 20530

July 9, 2004

CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2004, the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven J. Abelson